Filed 9/2/21  P. v. Alduenda CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>  v.<br><br>JOSEPH STEVEN ALDUENDA,<br><br>  Defendant and Appellant. | F081152<br><br>(Madera Super. Ct.<br>No. MCR051885A)<br><br>**OPINION** |

-ooOoo-

## THE COURT[*]

APPEAL from a judgment of the Superior Court of Madera County.  Dale J. Blea, Judge.

C. Athena Roussos, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*] Before Franson, Acting P.J., Meehan, J. and De Santos, J.

# INTRODUCTION

Appellant and defendant Joseph Steven Alduenda admitted probation violations in several cases and was sentenced to an aggregate term of nine years in state prison. On appeal, his appellate counsel has filed a brief that summarizes the facts with citations to the record, raises no issues, and asks this court to independently review the record. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).) We affirm.

# FACTS

## Case No. MCR051885A[1]

On or about June 18, 2015, defendant attacked Arturo Gasca, and punched and kicked him. Gasca suffered an orbital fracture. Defendant committed the offense with Jacob Martinez. They were both members of the Norteño gang, and defendant's conduct benefitted the gang.

### The Complaint

On June 23, 2015, a felony complaint was filed in the Superior Court of Madera County, case No. MCR051885A, charging defendant and codefendant Martinez with counts 1 and 2, assault with force likely to produce great bodily injury (Pen. Code, § 245, subd. (a)(4)),[2] with great bodily injury enhancements (§ 12022.7, subd. (a)) and gang enhancements (§ 186.22, subd. (b)(1)(C)); count 3, unlawfully taking or driving a vehicle (Veh. Code, § 10851, subd. (a)); and count 4, active participation in a criminal street gang (§ 186.22, subd. (a)).

### Plea and Probation

On July 6, 2015, defendant entered into a negotiated disposition and pleaded guilty in case No. MCR051885A to count 1, assault with force likely to produce great bodily

---

[1] The parties stipulated to the following facts at the plea hearing.

[2] All further statutory citations are to the Penal Code unless otherwise indicated.

injury (§ 245, subd. (a)(4)), and admitted the amended gang enhancement (§ 186.22, subd. (b)(1)(A)), for a maximum term of 180 days and probation.

On July 31, 2015, the court held the sentencing hearing and placed defendant on probation for three years subject to certain terms and conditions, including serving 180 days in jail. The court advised defendant that he faced a maximum term of eight years in prison if he violated probation in this case given his prior record, and defendant said he understood. The court granted the People's motion to dismiss the remaining charges and allegations against defendant.

**Commission of New Offenses**

On May 20, 2016, defendant was placed on probation after being convicted of violating section 594, subdivision (a), vandalism, in case No. MCR051291.

On October 17, 2016, defendant was convicted of violating section 488, petty theft, in case No. MCR052313. He failed to appear at the jail as ordered for a "book and release" sentence.

**First Revocation Hearing**

On April 18, 2017, a petition for revocation of defendant's probation was filed in case No. MCR051885A, that alleged defendant failed to obey all laws by committing violations of section 594, vandalism, and section 243, subdivision (e)(1), battery against a cohabitant. Defendant's probation was summarily revoked the same day.

On August 14, 2017, defendant pleaded guilty to a misdemeanor violation of section 594, subdivision (a), vandalism, in that he unlawfully damaged or destroyed a vehicle windshield on November 5, 2016, in case No. MCR056271; and a misdemeanor violation of section 243, subdivision (e)(1), committing a battery on the mother of his child on April 9, 2017, in case No. MCR056199. In each case, the court placed him on probation for three years, with a restitution fine of $150 (§ 1202.4, subd. (b)) and stayed the probation revocation fine of $150 (§ 1202.44).

Defendant admitted violating probation in cases Nos. MCR051291, MCR052313, and MCR051885A.

In case No. MCR052313, the court revoked and did not reinstate probation, and imposed a jail term of 180 days with credit for time served.

In case No. MCR051291, the court, again, revoked and did not reinstate probation, imposed 364 days in jail with credit for time served, and stated he was eligible to apply for work furlough and county probation.

In case No. MCR051885A, the court revoked and reinstated defendant on probation for five years, from the original sentencing date of July 31, 2015, and imposed the previously suspended probation revocation fine of $300 (§ 1202.44).

At the conclusion of the hearing, the court advised defendant that when he reported to the probation department, he would meet with the revenue service officer who would determine his ability to pay the fines and fees. If defendant disagreed with the officer's determination, he could return to court and object to the amounts imposed, and the court would hold a hearing on his ability to pay. The court ordered defendant to return to court on October 10, 2017, for a further hearing.

### Case No. MCR059693B[3]

On May 31, 2018, defendant and codefendant Herrera Cortez confronted three men at a car wash because they believed the men whistled at them in a manner disrespectful to Norteños. An altercation ensued, and defendant and Cortez repeatedly punched one man. Cortez produced a knife and made stabbing motions, but no one was stabbed. The acts were done for the benefit of the Norteño gang.

**Additional Petitions for Revocation**

On June 7, 2018, another petition for revocation of defendant's probation was filed in case No. MCR051885A, alleging he failed to obey all laws by violating section 647,

---

[3] The parties stipulated to the following facts at the plea hearing in this case.

subdivision (f), disorderly conduct, on May 25, 2018. On the same day, the court summarily revoked probation.

On June 25, 2018, the court again reinstated defendant on probation in case No. MCR051885A, for five years from the original sentencing date.

On June 29, 2018, yet another probation violation petition was filed in case No. MCR051885A, alleging defendant failed to obey all laws based on his violation of section 245, subdivision (a)(4), assault by means of force likely to produce great bodily injury, on May 31, 2018.

On March 7, 2019, a first amended petition for revocation was filed in case No. MCR051885A, again alleging defendant failed to obey all laws by violating section 245, subdivision (a)(4) on May 31, 2018; and also that he committed three counts of violating section 245, subdivision (a)(1), assault with a deadly weapon other than a firearm; three counts of violating section 245, subdivision (a)(4); two counts of violating section 594, subdivision (a); and one count each of violating section 243.1, battery against a custodial officer; section 69, resisting an executive officer; and section 186.22, subdivision (a), active participation in a criminal street gang, on February 4, 2019.

***Plea and Probation Violations***

On May 13, 2019, the court conducted a hearing on new charges and petitions.

In case No. MCR059693B, defendant pleaded guilty to a violation of section 245, subdivision (a)(1), assault with a deadly weapon, a knife, and admitted a gang enhancement (§ 186.22, subd. (b)(1)) and one prior strike conviction, for an aggregate term of nine years.

The court found defendant violated probation in cases Nos. MCR056199, MCR056271, and MCR051885A. The prosecutor said case No. MCR062239A would be dismissed at the next hearing.

## SENTENCING ON ALL CASES

On June 18, 2019, the court held the sentencing hearing for defendant's pending cases. The court dismissed case No. MCR062239A.

In case No. MCR059693B, the court denied probation and imposed an aggregate term of nine years in prison, based on the lower term of four years for count 1, assault with a deadly weapon (§ 245, subd. (a)(1)), plus five years for the gang enhancement (§ 186.22, subd. (b)(1)(B)).

In case No. MCR051885A, the court revoked and did not reinstate probation, and sentenced defendant to an aggregate term of five years, based on the upper term of four years for count 1, assault by means likely to produce great bodily injury (§ 245, subd. (b)(4)), plus one year (one-third the midterm) for the gang enhancement (§ 186.22, subd. (b)(1)(A)), with the entirety of the term to be served concurrent to the sentence imposed in case No. MCR059693B.

In cases Nos. MCR056199 and MCR056271, the court revoked and did not reinstate probation, and sentenced defendant to 364 days in jail in each case with credit for time served.

Defendant did not file a notice of appeal after the sentencing hearing.

**Correction of Sentence in Case No. MCR051885A**

On December 20, 2019, six months after the sentencing hearing, the California Department of Corrections and Rehabilitation (CDCR) advised the superior court that it had to correct the abstract of judgment because of a sentencing error in case No. MCR051885A. The court had imposed the upper term of four years for count 1, assault by means likely to produce great bodily injury (§ 245, subd. (b)(4)), plus one year (one-third the midterm) for the gang enhancement (§ 186.22, subd. (b)(1)(A)), with the entirety of the term to be served concurrently with the term in the companion case.

CDCR advised the court that "imposition of one-third the term for enhancements is applicable only to determinate subordinate terms pursuant to [section] 1170.1(a);

6.

therefore, the full term for this enhancement should be imposed," which would be two, three, or four years.

On January 9, 2020, the court held a hearing regarding correction of the sentence and abstract; defendant was not present. The court stated it intended to modify the sentence in case No. MCR051885A to again impose a four year term for count 1, and correct the gang enhancement to the lower term of two years, again to run concurrently to the sentence in case No. MCR059693B. The court stated the corrected sentence would have no practical effect on defendant since it was a concurrent term. Defense counsel agreed but said that defendant should be advised of the sentencing change. The court granted defense counsel's request to continue the matter to contact defendant.

On February 6, 2020, defense counsel stated defendant wanted to be present for the resentencing hearing, and the court signed a transportation order.

On April 3, 2020, the court held the continued hearing to correct the sentence and the abstract; defendant was not present. The court stated:

> "[Defendant] had been transported to the state prison, concerns have been raised that [he] was exposed to COVID-19 while he was at the prison and as a result he is in isolation. The risk of bringing him before the Court, even if it is in the general environment, I think is significant enough that he not be present before the Court today. The modification of the sentence is not going to result in any additional time imposed on [defendant]. [¶] So given the unique circumstances of this situation and the fact that he is represented by counsel, I'm going to go forward with the re-sentencing today."

Defense counsel stated that defendant wrote to him that he wanted to be personally present for the resentencing hearing, but counsel thought "what the Court has indicated is appropriate and what I will do is I will object for the record for him not being present so if he wants to appeal in the future he can do that and I will let him know that."

The court modified the sentence as previously indicated in case No. MCR051885A, to impose four years for count 1 plus the corrected lower term of two

years for the gang enhancement, for a total of six years, again to run concurrently to the sentence in case No. MCR059693B.  The court stated the "practical effect is that there be no additional time – no additional aggregate time.  It's going to be nine years as indicated in June of 2019," and ordered the abstract corrected.

**Notice of Appeal**

On May 12, 2020, defendant filed a notice of appeal in case No. MCR051885A.

## DISCUSSION

As noted above, defendant's counsel has filed a *Wende* brief with this court.  The brief also includes the declaration of appellate counsel indicating that defendant was advised he could file his own brief with this court.  By letter on October 9, 2020, we invited defendant to submit additional briefing.  To date, he has not done so.

We note that "[a] criminal defendant has a 'constitutional and statutory right to be present' for sentencing or a sentence modification hearing.  [Citations.]" (*People v. Sanchez* (2016) 245 Cal.App.4th 1409, 1414; *People v. Cutting* (2019) 42 Cal.App.5th 344, 348; §§ 977, subd. (b)(1), 1043.)  However, " '[n]either the state nor the federal Constitution, nor the statutory requirements of sections 977 and 1043, require the defendant's personal appearance at proceedings where his presence bears no reasonable, substantial relation to his opportunity to defend the charges against him.  [Citations.]' [Citation.]  'Defendant has the burden of demonstrating that his absence prejudiced his case or denied him a fair trial.' [Citation.]" (*People v. Blacksher* (2011) 52 Cal.4th 769, 799; *People v. Suarez* (2020) 10 Cal.5th 116, 146.)

Under the federal Constitution, error pertaining to a defendant's absence is evaluated under the harmless beyond a reasonable doubt standard set forth in *Chapman v. California* (1967) 386 U.S. 18, 23 (*People v. Davis* (2005) 36 Cal.4th 510, 532), and defendant's absence "may be deemed harmless only if we can conclude beyond a reasonable doubt that the deprivation did not affect the outcome of the proceeding.  [Citation.]" (*People v. Simms* (2018) 23 Cal.App.5th 987, 998.)  Error under the state

8.

statutory provisions is reversible only if " ' "it is reasonably probable that a result more favorable to the appealing party would have been reached in the absence of the error." [Citation.]' [Citations.]" (*People v. Davis, supra*, 36 Cal.4th 510, 532–533.)

Any constitutional or statutory error resulting from defendant's absence at the resentencing hearing is harmless beyond a reasonable doubt. At the original sentencing hearing in case No. MCR051885A in 2015, the court placed defendant on probation and advised him that he faced a maximum of eight years in prison if he violated probation given his prior record, and defendant said he understood. At the resentencing hearing in 2020, the court corrected the unauthorized sentence it previously imposed for the gang enhancement in case No. MCR051885A. It again imposed four years for count 1, and changed the enhancement from the erroneous one year (one-third the midterm) to the lower term of two years, for a total of six years, and again clarified the sentence would be concurrent to the nine years that were imposed in case No. MCR059693B.

Defendant's presence would not have resulted in any possible benefit since the court had imposed an unauthorized sentence, it was required to impose a different term for the gang enhancement, it selected the lower term, the aggregate term was still less than the maximum possible term that he was advised of during the original sentencing hearing, and the court again imposed the sentence concurrent to the companion case.

After independent review of the record, we find that no reasonably arguable factual or legal issues exist.

## **DISPOSITION**

The judgment is affirmed.