Filed 3/28/16

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
|    Plaintiff and Respondent, | G050481 |
|      v. | (Super. Ct. No. INF054364) |
| ROLANDO ESTEBAN SANCHEZ, | O P I N I O N |
|    Defendant and Appellant. | |

Appeal from a judgment of the Superior Court of Riverside County, John J. Ryan, Judge. (Retired judge of the Orange County Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.) Affirmed in part as amended, reversed in part and remanded for resentencing.

William J. Capriola, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, A. Natasha Cortina and Kelley Johnson, Deputy Attorneys General, for Plaintiff and Respondent.

\*         \*         \*

A criminal defendant has a constitutional and statutory right to be present at sentencing. (*People v. Robertson* (1989) 48 Cal.3d 18, 60.) Defendant Rolando Esteban Sanchez contends he was denied his right to counsel and to be present at his resentencing hearing when the trial court resentenced him in his absence on remand after the federal district court ordered defendant's conviction on count five vacated and the matter remanded for trial on count five for resentencing.

Defendant was convicted and sentenced on a number of felony convictions in this matter. The court originally sentenced him to an aggregate term of 63 years to life. A consecutive sentence of one year eight months on count five (possession of a concealed firearm in a motor vehicle) was part of the aggregate term. The court found that based on the sentence imposed on count five, Penal Code[1] section 654 precluded punishing defendant on count eight (possession of a loaded firearm in a motor vehicle).

On remand, the trial court held defendant had no right to appear for his resentencing. The Attorney General does not contend defendant's right to be present or to have the assistance of counsel were not violated, but argues that defendant was not prejudiced. According to the Attorney General, defendant did not demonstrate he "could have received a more favorable result if he had been present or able to confer with his attorney." We disagree.

At the resentencing, the trial court stated it was only lifting the previously imposed stay on count eight. If it had, defendant's total sentence would have been 61 years four months to life. (§ 669, subd. (b); *People v. Bruner* (1995) 9 Cal.4th 1178, 1181-1182.) Instead, the court *changed* the sentence on count eight from a five-year concurrent term to a consecutive sentence of one year eight months, increasing the total sentence to 63 years to life. Because the trial court changed the previously imposed term to defendant's detriment, defendant has demonstrated he was prejudiced by not being

[1] All undesignated statutory references are to the Penal Code unless otherwise indicated.

2

permitted to be present and to confer with his attorney. We order the sentence imposed on count eight at the resentencing hearing vacated and remand the matter to the superior court for resentencing with the defendant present.

I

PROCEDURAL SETTING

This is the second appeal in this case by defendant. We granted his requests to take judicial notice of the record from his earlier appeal in *People v. Sanchez* (April 27, 2011, G042950) [nonpub. opn.] and the report and recommendation of the United States magistrate judge in the Central District of California case, *Sanchez v. Lewis* (C.D. Cal. June 27, 2014, No. ED CV 12-2018-DOC (PJW)), 2014 U.S. Dist. Lexis 59592. (Evid. Code, §§ 452, subd. (d), 459; Cal. Rules of Court, rule 8.252.)

Defendant was convicted by a jury of first degree murder (§ 187, subd. (a); count one), arson (§ 451, subd. (d); count two), three counts of receiving stolen property (§ 496, subd. (a); counts three, nine, and 10), second degree burglary (§ 459; count four), carrying a concealed stolen firearm in a motor vehicle under his control (former § 12025, subd. (a)(1) repealed by Stats. 2010, ch. 711, § 4; reenacted without substantive change as § 25400, subd. (a)(1) by Stats. 2010, ch. 711, § 6, eff. Jan. 1, 2012; count five), carrying a loaded firearm in a vehicle (former § 12031, subd. (a)(1) repealed by Stats. 2010, ch. 711, § 4; reenacted without substantive change as § 25850, subd. (a) by Stats. 2010, ch. 711, § 6, eff. Jan. 1, 2012; count eight), and active participation in a criminal street gang (§ 186.22, subd. (a); count 11). Gang enhancements (§ 186.22, subd. (b)(1)) were found true in connection with a number of the offenses and defendant was found to have discharged a firearm causing great bodily injury or death, in violation of section 12022.53, subd. (d).

The court sentenced the defendant to an aggregate term of 63 years to life. It first imposed 25 years to life on the murder (count one) and a consecutive term of 25 years to life for the intentional discharge of a firearm causing great bodily injury or death,

for an indeterminate term of 50 years to life. The court then calculated the determinate term portion of the sentence and ordered it to run consecutively to the sentence on count one. (*People v. Neely* (2009) 176 Cal.App.4th 787, 798 [indeterminate and determinate sentences are to be calculated separately].) The determinate term was calculated as follows: a term of three years on count two (arson) plus a consecutive term of five years for the gang enhancement found true in connection with count two; a consecutive 8-month term (one-third the midterm) on count four (burglary) plus a consecutive one-year term (one-third the midterm) on the gang enhancement found true in connection with the count four; a consecutive 8-month term on count five (one-third the midterm) (possession of concealed firearm) plus an additional one-year term (one-third the midterm) on the gang enhancement found true in connection with count five, and a consecutive 8-month term on count 10 (one-third the midterm) plus an additional one-year term (one-third the midterm) on the gang enhancement found true in connection with count 10. Pertinent to this appeal, the court imposed a two-year term on count eight (carrying a loaded firearm in a vehicle), plus three years for the gang enhancement attached to that count, and stayed imposition of the term pursuant to section 654 because the court imposed a prison term on count five.[2]

We affirmed the judgment on appeal. (*People v. Sanchez* (Apr. 27, 2011, G042950) [nonpub. opn.], p. *14.) Our Supreme Court denied review. (*People v. Sanchez*, review denied Aug. 10, 2011, S193704.) Defendant then sought relief in federal court. As a result of the federal action, the district court ordered defendant's conviction on count five (possession of a concealed weapon in a motor vehicle under his control) vacated and remanded the matter to the superior court for resentencing or a new trial on count five.

---

[2] Section 654 applies to convictions for violation of former sections 12025 and 12031 when the convictions are "based on the same act." (*In re Joseph G.* (1995) 32 Cal.App.4th 1735, 1743.)

4

The case was back in the superior court for resentencing on June 30, 2014. Defense counsel's June 20, 2014 request to have defendant transported to court for resentencing was denied by Judge Charles E. Stafford, Jr., who apparently mistakenly believed the matter was there on the issue of restitution, and not for resentencing, despite defense counsel's representation to the contrary. Judge Stafford continued the matter to be heard to June 30, 2014, in Judge John J. Ryan's courtroom.

On June 30, defendant's attorney notified the court defendant wanted to be present for resentencing and that she did not have section 977 authority to proceed in defendant's absence. Counsel informed the court defendant had previously been sentenced to 63 years to life and that one year and eight months of that sentence was based on the vacated conviction on count five and its attendant gang enhancement.

Defense counsel's request to have defendant present was denied and the court proceeded with the resentencing. The court granted the prosecutor's motion to dismiss count five, lifted the section 654 stay on the sentence previously imposed on the conviction for possessing a loaded firearm in a vehicle, count eight (two-year midterm plus three-year midterm on the attached gang enhancement), and imposed a consecutive term of eight months (one-third the midterm) plus an additional one-year term (one-third the midterm) on the gang enhancement found true in connection with count eight. This resulted in no change in the aggregate term of the previously imposed sentence of 63 years to life.

II

DISCUSSION

A criminal defendant has a "constitutional and statutory right to be present" for sentencing or a sentence modification hearing. (*People v. Robertson*, *supra*, 48 Cal.3d at p. 60; see Cal. Const., art. I, § 15 [defendant has right "to be personally present with counsel"]; §§ 977, subd. (b)(1) [defendant "shall be personally present . . . at the time of the imposition of sentence"], 1193 ["defendant shall be personally present when

5

judgment is pronounced," unless presence is properly waived].)  Defendant was present when judgment was originally imposed, but the superior court refused to permit defendant to attend the resentencing hearing on remand after one of his convictions was overturned.  The court resentenced defendant on count eight, the sentence which had been imposed and stayed pursuant to section 654 at the original sentencing.  In resentencing defendant on count eight, the court did not merely lift the previously ordered stay; it changed the previously imposed (and stayed) sentence.

In *In re Ralph* (1946) 27 Cal.2d 866, 867, the defendant pled guilty to robberies in two consolidated cases.  The court sentenced the defendant to state prison for the term provided by law.  On appeal, he contended he should have been committed to the California Youth Authority (CYA) rather than state prison.  He did not complain about the term of the commitment.  The Supreme Court reversed the judgment to the extent the commitment was to state prison, and directed the trial court to certify defendant to the CYA.  (*Ibid*.)  On remand, the court entered an order withdrawing the commitment to state prison and referring defendant to the CYA.  Within a week, the CYA rejected defendant and the matter was back in the superior court.  Without defendant being present, the court "entered new orders in the form of judgments purporting to resentence defendant to the state prison."  (*Id*. at p. 868.)  The defendant filed a petition for a writ of habeas corpus alleging the court lacked jurisdiction "to *resentence* him in his absence."  (*Ibid*.)

The *Ralph* court rejected the defendant's contention.  It noted the defendant's original appeal did not contest the sentence imposed; it only challenged the fact that the defendant was committed to state prison instead of the CYA.  (*In re Ralph*, *supra*, 27 Cal.2d at p. 869; see *People v. Ralph* (1944) 24 Cal.2d 575.)  In the earlier appeal, the Supreme Court granted defendant the relief he requested, but in doing so, the court "did not reverse the judgments of conviction or the sentences to imprisonment."  (*In re Ralph*, *supra*, 27 Cal.2d at p. 869.)  Because commitments to the CYA are only

6

tentative, given the CYA may reject the defendant, the effect of the earlier appeal "was merely to tentatively suspend commitment of the defendant to the state prison dependent upon action by the Youth Authority." (*Id.* at p. 870.) In concluding the court had not violated the defendant's right to be present for sentencing, the Supreme Court reasoned: "We are satisfied that a proper interpretation of the pertinent statutory provisions contemplates that sentence be pronounced prior to tentative commitment of a defendant to the Youth Authority; that should the defendant be rejected by the Youth Authority such sentence be executed as originally pronounced; and that pronouncement of a new sentence is unnecessary, superfluous, constitutes only an order of commitment to a different custodian and has not the stature of a judgment within the meaning of section 1193 of the Penal Code." (*Id.* at p. 871.)

As relevant to the issue before us, section 654, subdivision (a), provides in pertinent part: "An act or omission that is punishable in different ways by different provisions of law shall be punished under the provision that provides for the longest potential term of imprisonment, but in no case shall the act or omission be punished under more than one provision." This section does not bar multiple convictions, just multiple punishment for the same act or course of conduct. (*People v. Pearson* (1986) 42 Cal.3d 351, 359.) When section 654 applies, the proper procedure is to impose sentence on both counts and stay execution of sentence on one of the counts. (*Pearson*, at p. 361; *People v. Alford* (2010) 180 Cal.App.4th 1463, 1470-1471.) The stayed sentence becomes permanent upon completion of the sentence on the other count, in this case count five. (*People v. Green* (1979) 95 Cal.App.3d 991, 1008.) However, should the conviction on the count for which sentence was imposed be overturned, the sentencing court then merely lifts the stay on the section 654 count. (*In re Pope* (2010) 50 Cal.4th 777, 784.)

Not only does such a procedure prevent the defendant from being punished twice for the same act, sentencing in this manner has another benefit. It preserves the

7

ability of the sentencing court to impose the previously stayed term should the conviction on the other count be reversed. (*People v. Gonzalez* (2008) 43 Cal.4th 1118, 1128-1129.) "'Any other method either incurs the risk of letting a defendant escape altogether, or else imposes an unnecessary burden on an appellate court and on the trial court on the inevitable remand for correction of sentence.' [Citation.]" (*Id.* at p. 1129.)

In the present matter, the court imposed a consecutive 8-month term (one-third the midterm) on defendant's conviction on count five (former § 12025, subd. (a)(1) [possessing concealed weapon in vehicle under defendant's control]), and a consecutive one-year term (one-third the midterm) on the gang enhancement (§ 186.22, subd. (b)(1)) found true in connection with that count. Addressing count eight at the original sentencing, rather than impose the same penalty for possession of a loaded firearm in a motor vehicle (former § 12031, subd. (a)(1)) and the gang enhancement found true in connection with that count (i.e., eight months for the substantive offense and a one-year term for the gang enhancement), the court imposed a full two-year term on the substantive offense (midterm) and a three-year term (midterm) on the gang enhancement attached to count eight.

Had the trial court originally imposed and stayed the same sentence on count eight and its gang enhancement as the court imposed on count five and its gang enhancement, it perhaps could be argued defendant was not denied his right to be present or his right to counsel when the matter came for hearing on remand from the federal district court. In such a situation, defendant would have been present at the original sentencing when the sentence was pronounced and would already know what his sentence would be on count eight should his conviction on count five be vacated. (See *People v. Salazar* (1987) 194 Cal.App.3d 634, 640, fn. 6 [enhancement has no life independent of the count to which it attaches].) Had that happened and the conviction on count five been vacated, defendant would at least arguably have found himself in the same situation as the defendant in *In re Ralph*, *supra*, 27 Cal.2d 866, where the Supreme

8

Court concluded the defendant had not been denied his right to be present at sentencing.

But that is not what happened here. Contrary to the trial court's conclusion that defendant need not be present because all the court was going to do was simply lift the previously imposed stay on count eight and its gang enhancement,[3] the court did more than simply lift the previously imposed stay. The court lifted the stay on the previously imposed concurrent term of five years on count five and its enhancement, and then changed that sentence, imposing a consecutive term of one year eight months on count eight and its attendant enhancement. Had the court simply lifted the stay, defendant would have been sentenced to a five-year *concurrent* term. (§ 669, subd. (b) [if the court fails to designate whether sentence is to run consecutively or concurrently, the second sentence "shall run concurrently"]; *People v. Bruner*, *supra*, 9 Cal.4th at pp. 1181-1182; see *People v. Quintero* (2006) 135 Cal.App.4th 1152, 1156, fn. 3 [concurrent sentences are calculated by using their full terms under section 1170.1, subdivision (a), consecutive sentences by calculating one-third the midterm].) This would have resulted in an aggregate sentence of 61 years four months to life. By changing the sentence on count eight to a different and more onerous term of one year eight months consecutive to the already imposed sentence, defendant was sentenced to an aggregate term of 63 years to life. This amounted to a resentencing. Defendant was entitled to be present for it (*People v. Robertson*, *supra*, 48 Cal.3d at p. 60) and to have the assistance of counsel. (*Mempa v. Rhay* (1967) 389 U.S. 128, 134 [a criminal defendant has the right to counsel "at every stage of a criminal proceeding where substantial rights of a criminal accused may be effected," and the defendant's substantial rights may be affected at sentencing].)

---

[3] The Court: " . . . The only count[] that [has] changed is count five was reversed by the federal district court. Count eight had been stayed based on count five; so that stay is lifted and that term comes into place—one year, eight months."

*Cruel and Unusual Punishment*

Defendant argues that because he committed the crimes in this matter when he was 16 years old, his 63 years to life sentence violates the Eight Amendment cruel and unusual punishment clause. Defendant would not ordinarily be eligible for parole until he is at least 79 years old, although recently enacted section 3051, subdivision (b)(3), provides defendant will be eligible for parole during his "25th year of incarceration." This issue was understandably not raised in defendant's first appeal given the United States Supreme Court's decision in *Miller v. Alabama* (2012) 567 U.S. ___ [132 S.Ct. 2455] (mandatory life without parole sentence for minor violates the Eight Amendment cruel and unusual punishment clause) did not issue until after our opinion in the first appeal. The Attorney General argues defendant forfeited his claim by not raising it below "at the resentencing hearing." Defendant did not forfeit his claim that his sentence constitutes cruel and unusual punishment. On June 10, 2014, the superior court appointed the public defender to represent defendant. Twenty days later, without defendant being present and over defense counsel's objection, the court resentenced defendant without him being present. We conclude counsel did not forfeit the issue. Moreover, an unlawful sentence may be challenged at any time. (*People v. Scott* (1994) 9 Cal.4th 331, 354; see *Montgomery v. Louisiana* (2016) ___ U.S. ___, ___ [136 S.Ct. 718, 723] [defendant permitted to challenge sentence as cruel and unusual punishment 50 years after his arrest].) We do not, however, address the issue of whether the imposed sentence constituted cruel and unusual punishment because defendant will have the opportunity to address the issue in
 the superior court on remand.


*Section 654 Stay on Count 11*

After our opinion issued in defendant's initial appeal, our Supreme Court decided *People v. Mesa* (2012) 54 Cal.4th 191. In *Mesa*, the court found section 654

10

precludes punishing a defendant for active participation in a criminal street gang (§ 186.22, subd. (a)) where the only evidence of such prohibited participation was the commission of a charged offense for which the defendant was also convicted and sentenced. (*People v. Mesa*, *supra*, 54 Cal.4th at pp. 197-198, 200.) In the present case, defendant's conviction for active participation in a criminal street gang was based on the commission of the other offenses for which he was convicted and sentenced. The Attorney General agrees section 654 requires the execution of sentence on count 11 be stayed. We do too. The abstract of judgment must be amended to reflect the sentence imposed on count 11 is stayed pursuant to section 654.

*Credits*

Lastly, the superior court failed to award defendant credits when it resentenced him on June 30, 2014. The Attorney General agrees defendant was entitled to be awarded additional credits for the period of time he was in custody after the original sentencing until the date he was resentenced on count eight. (See *People v. Rosas* (2010) 191 Cal.App.4th 107, 111.) We agree as well. However, because the matter is being remanded for resentencing on count eight, the issue of the amount of additional credits to be awarded may be addressed at that time.

III

DISPOSITION

The consecutive sentence imposed on count eight is ordered vacated and the matter is remanded to the superior court for resentencing on that count. Defendant is entitled to be present, with counsel, at that hearing. The defendant may raise the issue of the constitutionality of his sentence at that hearing. The abstract of judgment is ordered amended to reflect the sentence imposed on count 11 (a two-year concurrent term) is ordered stayed pursuant to section 654. The superior court is to award defendant the additional credits to which he is entitled upon resentencing. The clerk of the trial court is

11

directed to prepare an amended abstract of judgment reflecting these modifications and forward a certified copy to the Department of Corrections and Rehabilitation. The judgment is otherwise affirmed.


MOORE, J.

WE CONCUR:


RYLAARSDAM, ACTING P. J.


BEDSWORTH, J.