Filed 3/8/21  P. v. Venable CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ELVIS VENABLE, JR.,<br><br>    Defendant and Appellant. | 2d Crim. No. B306069<br>(Super. Ct. No. TA039602)<br>(Los Angeles County) |

Elvis Venable, Jr. (Venable) appeals orders correcting his unauthorized sentence and denying his requests to strike a firearm enhancement imposed pursuant to Penal Code section 12022.53, subdivision (d), and to hold a juvenile offender proceeding pursuant to *People v. Franklin* (2016) 63 Cal.4th 261, 284 (*Franklin*).[1]  We affirm the order correcting Venable's sentence and direct the trial court to award Venable's actual custody credit as discussed herein.

---

[1] All statutory references are to the Penal Code.

The trial court's rulings regarding the remaining issues arise from Venable's amended petition for habeas corpus and are not appealable orders. (*Robinson v. Lewis* (2020) 9 Cal.5th 883, 895.) We address the issues, however, in Venable's contemporaneous petition for writ of habeas corpus. (*In re Venable* (B306683).)

## FACTUAL AND PROCEDURAL HISTORY

In 1998, the Los Angeles County prosecutor charged Venable with willful, deliberate, and premeditated attempted murder, and personal use and discharge of a firearm causing great bodily injury. (§§ 664, 187, subd. (a), 12022.53, subd. (d).) The prosecutor also alleged that Venable suffered four prior serious or violent felony juvenile strike adjudications. (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d).) At the time of the attempted murder, Venable was 25 years old. The four strike adjudications occurred when Venable was 15 years old.

The jury convicted Venable of the attempted murder count and found that he personally used and discharged a firearm causing great bodily injury. In a separate proceeding, the trial court found that the strike adjudications were true. The court then sentenced Venable to 25 years to life for attempted murder based upon the strike adjudications, plus a consecutive term of 25 years to life for the firearm enhancement, for a total term of 50 years to life. Venable appealed. In an unpublished opinion, we affirmed his conviction. (*People v. Venable* (Oct.17, 2000, B131029).)

On June 12, 2018, Venable filed a petition for writ of coram nobis in the trial court. He contended that the court erred by applying the four strike adjudications to his sentence because he

incurred them when he was 15 years old.  The court denied the petition.

On August 27, 2018, Venable filed a petition for writ of coram nobis in this court.  We issued an order treating the petition as a petition for writ of habeas corpus and requested informal opposition from the Attorney General.  The order specifically requested briefing concerning the validity of Venable's strike adjudications, whether his sentence was unauthorized, and whether we should issue an order to show cause returnable to the superior court to *resentence* Venable.

After further review, we issued this second order requesting additional informal briefing:  "[T]he court requests additional informal briefing on the following two issues:  (1) If habeas relief is granted and the matter is remanded to the superior court for *resentencing*, is petitioner entitled to the benefit of Senate [Bill No.] 620, such that the trial court may exercise its discretion to strike the 25-years-to-life firearm enhancement under the recent amendment to Penal Code section 12022.53, subdivision (h)?  [¶]  (2) It appears that petitioner was 25 years old at the time he committed the current offense of attempted murder.  If habeas relief is granted and the matter is remanded for *resentencing*, is petitioner entitled to a *Franklin* hearing?"  (Italics added.)

Following informal briefing and the Attorney General's concession regarding application of the juvenile adjudications, we issued an order to show cause returnable to the superior court "for the purpose of *correcting* Venable's sentence and issuing a new abstract of judgment."  (Italics added.)  We further ordered the superior court to "consider, in the first instance, whether Venable is entitled to the benefit of [newly amended section

3

12022.53], such that the trial court may exercise its discretion to strike the firearm enhancement under . . . section 12022.53, subdivision (h), and to a *Franklin* hearing, given that he was 25 years old at the time he committed the current offense of attempted murder." We directed the court to appoint counsel for Venable and to allow counsel the opportunity to file an amended petition for writ of habeas corpus addressing these two issues.

On May 15, 2019, the trial court decided that the order to show cause did not require a resentencing, but instead, only a correction to the abstract of judgment. The court then ordered Venable to file an amended petition for writ of habeas corpus addressing the firearm enhancement and *Franklin* issues.

On March 20, 2020, the trial court issued a written decision denying the amended petition for writ of habeas corpus. The court decided that Venable's sentence was unauthorized but a new sentencing hearing was not required; Venable's judgment was final, precluding consideration of the court's discretion to strike the firearm enhancement; and Venable had a remedy at law to seek a *Franklin* hearing through section 1203.01. The court struck the four strike adjudications and corrected Venable's sentence to 32 years to life – seven years to life for the attempted murder count plus 25 years to life for the firearm enhancement.

Venable appeals and contends that the trial court erred by: 1) correcting his sentence in absentia, and 2) incorrectly calculating his custody credit. He also purports to appeal the court's orders concerning his amended petition for habeas corpus. These orders are not appealable and are considered in Venable's companion petition for habeas corpus.

4

*DISCUSSION*

*I.*

Venable argues that the trial court violated his statutory and constitutional rights to be personally present when it corrected his sentence in his absence and without the presence of his attorney. (Cal. Const., art. I, § 15; §§ 977, subd. (b)(1), 1193; *People v. Sanchez* (2016) 245 Cal.App.4th 1409, 1414.) He asserts that the court's correction of his unauthorized sentence amounted to a resentencing.

The defendant in a felony criminal case has the statutory right to be personally present during the portion of the trial when evidence is taken and the sentence imposed. (§§ 977, subd. (b)(1), 1043.) Pursuant to the Sixth and Fourteenth Amendments, a defendant's right to be present applies to critical stages where his presence would contribute to the fairness of the proceeding. (*People v. Suarez* (2020) 10 Cal.5th 116, 145-146; *People v. Avila* (2006) 38 Cal.4th 491, 598.) Defendant's right to be present depends upon two conditions: 1) the proceeding is critical to the outcome of the case, and 2) defendant's presence would contribute to fairness of the proceeding. (*People v. Perry* (2006) 38 Cal.4th 302, 312.) " ' "Neither the state nor the federal Constitution, nor the statutory requirements of sections 977 and 1043, require the defendant's personal appearance at proceedings where his presence bears no reasonable, substantial relation to his opportunity to defend the charges against him." ' " (*Suarez*, at p. 146.)

Venable had no constitutional right to be present when the trial court reduced his sentence because the court made no discretionary sentencing choices. Venable was convicted of a single count with a statutorily prescribed sentence of seven years

5

to life plus a then-mandatory firearm enhancement. (§ 3046, subd. (a)(1) [minimum parole period of seven years for inmates serving life sentence unless otherwise prescribed by law].) In the writ proceeding before this court, the Attorney General conceded that the strike adjudications were invalid and must be struck.

In any event, any constitutional error relating to Venable's presence during correction of sentence is harmless beyond a reasonable doubt. (*People v. Flinner* (2020) 10 Cal.5th 686, 743; *People v. Mendoza* (2016) 62 Cal.4th 856, 902 [under the federal Constitution, error pertaining to a defendant's presence is evaluated under the harmless-beyond-a-reasonable-doubt standard].) Venable was convicted of one felony count with a firearm enhancement, each with a statutorily prescribed punishment. The Attorney General conceded the strikes issue and Venable received the sentencing benefit that he sought. Venable's presence would not have increased any benefit to him.

## II.

Venable and the Attorney General agree that Venable is entitled to custody credit from the date of his original sentencing (February 25, 1999) through the date of amendment of the abstract of judgment (March 2, 2020) to reflect the corrected sentence.

When a trial court modifies a defendant's sentence on remand, the court shall recalculate the defendant's actual custody credit and award the credit in an amended abstract of judgment. (*People v. Buckhalter* (2001) 26 Cal.4th 20, 23-24, 40-41.) This duty emanates from section 2900.1, requiring that time already served be credited upon any subsequent sentence the defendant receives upon a new commitment for the same act. (*Buckhalter*, at p. 41.)

6

Venable incorrectly asserts, however, that this court's order to show cause vacated his initial sentence such that he was restored to presentence custody between issuance of the order to show cause and the date of the amended abstract of judgment. "[A] convicted felon once sentenced, committed, and delivered to prison is not restored to presentence status, for purposes of the sentence-credit statutes, by virtue of a limited appellate remand for correction of sentencing errors." (*People v. Buckhalter*, *supra*, 26 Cal.4th 20, 23.)

Here the trial court failed to award Venable's actual custody credit earned between February 25, 1999, and March 2, 2020.

## DISPOSITION

The trial court is directed to amend the abstract of judgment to reflect Venable's additional custody credit as discussed herein, and to forward the amended abstract to the Department of Corrections and Rehabilitation. The order is otherwise affirmed.

NOT TO BE PUBLISHED.


GILBERT, P. J.

We concur:


PERREN, J.


TANGEMAN, J.

7

Michael J. Schultz, Judge

Superior Court County of Los Angeles

_____

James M. Crawford, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Zee Rodriguez and Wyatt E. Bloomfield, Deputy Attorneys General, for Plaintiff and Respondent.