Filed 4/8/22  P. v. Ceniceros CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>PATRICK ANDREW CENICEROS,<br><br>    Defendant and Appellant. | G060509<br><br>(Super. Ct. No. 20CF0435)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Gregg L. Prickett, Judge.  Sentence vacated and matter remanded with directions.

Michael C. Sampson, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, A. Natasha Cortina, Acting Assistant Attorney General, Robin Urbanski and Meredith S. White, Deputy Attorneys General, for Plaintiff and Respondent.

\*          \*          \*

Defendant is currently serving 18 years to life in prison for aggravated arson (Pen. Code, § 451.5, subd. (a)(2)(A))[1], arson of an inhabited dwelling (§ 451, subd. (b)), arson of property (§ 451, subd. (d)), and felony animal cruelty (§ 597, subd. (b)). Pursuant to then existing provisions of Penal Code section 654, the trial court imposed the longest indeterminate sentence available, plus a sentencing enhancement, and stayed the indeterminate sentences on the remaining counts. It also imposed a five-year determinate sentence, to be served consecutively, based on an admitted prior serious felony. Defendant contends his sentence must be vacated and the matter remanded for resentencing due to a newly effective amendment to section 654 made by Assembly Bill 518 (2021-2022 Reg. Sess.). The Attorney General concedes the issue. We agree defendant's sentence must be vacated and the matter remanded for resentencing to allow the trial court to exercise newly afforded discretion under amended section 654.

DISCUSSION

Section 654 precludes imposition of multiple punishments for a single act or indivisible course of conduct. At the time defendant was sentenced, if an act or omission was punishable in different ways by different laws, section 654 required a court to impose the longest possible imprisonment term. (See *People v. Sanchez* (2016) 245 Cal.App.4th 1409, 1415.) Hence, the trial court imposed the ten-year sentence on the aggravated arson count, along with an enhancement for use of an accelerant, and imposed, but stayed, the sentences on the remaining counts under section 654.

---

[1]     All further statutory references are to the Penal Code.

2

Assembly Bill 518 (2021-2022 Reg. Sess.) amended section 654, subdivision (a) to read, in relevant part:  "An act or omission that is punishable in different ways by different provisions of law may be punished under either of such provisions, but in no case shall the act or omission be punished under more than one provision."  (Stats. 2021, ch. 441, § 1.)  The amendment took effect January 1, 2022.  Thus, as amended, the sentencing court now has discretion to choose among potential punishments when section 654 applies.

The parties agree, as do we, the legislative changes made by Assembly Bill 518 are retroactive, and they apply to defendant's case because the judgment is not yet final.  (*People v. Superior Court (Lara)* (2018) 4 Cal.5th 299, 309; *In re Estrada* (1965) 63 Cal.2d 740, 745 (*Estrada*).)  "In such circumstances, [our Supreme Court has] held that the appropriate remedy is to remand for resentencing unless the record 'clearly indicate[s]' that the trial court would have reached the same conclusion 'even if it had been aware that it had such discretion.'  [Citations.]"  (*People v. Gutierrez* (2014) 58 Cal.4th 1354, 1391.)  There is no clear indication what sentencing decisions the trial court would have made if empowered with the discretion granted by Assembly Bill 518, therefore we must remand the matter to the trial court so that it may exercise its newly afforded discretion under amended section 654.

## DISPOSITION

Defendant's sentence is vacated and this matter is remanded for resentencing. Following resentencing, the trial court shall prepare an amended abstract of judgment reflecting defendant's new sentence and forward a certified copy to the Department of Corrections and Rehabilitation.

MARKS, J.*

WE CONCUR:

O'LEARY, P. J.

GOETHALS, J.

*Judge of the Orange County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.