Filed 3/8/24  P. v. Mares CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, Plaintiff and Respondent, v. LAWRENCE ALBERT MARES, JR., Defendant and Appellant. | G061917 (Super. Ct. No. 13CF0191) O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Sheila F. Hanson, Judge.  Affirmed.

Nancy J. King, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Steve Oetting and Evan Stele, Deputy Attorneys General, for Plaintiff and Respondent.

\*         \*         \*

Defendant Lawrence Mares held up a man at gunpoint, told him to enter a nearby motel room, and when the victim instead ran away, Mares shot him in the back. This was apparently a dispute over drug money. Remarkably, the victim survived. In 2015, Mares was convicted of premeditated attempted murder (Pen. Code, §§ 187, subd. (a), 664, subd. (a); count 1),[1] assault with a semiautomatic firearm (§ 245, subd. (b); count 2), and assault with a deadly weapon on a peace officer (§ 245, subd. (c); count 3). With regard to count 1, the jury found it to be true that Mares intentionally and personally discharged a firearm causing great bodily injury. (§ 12022.53, subd. (d).) The court sentenced defendant to the low term of three years for assault with a deadly weapon on a peace officer, a consecutive life term for premeditated attempted murder, and a consecutive 25-years-to-life term for the firearm enhancement associated with the attempted murder conviction. We affirmed the judgment. (*People v. Mares* (Mar. 6, 2018, G053959) [nonpub. opn.].)

Mares appealed to the California Supreme Court, which transferred the case to this court with directions to vacate our prior decision and reconsider the matter in light of the then-recently passed Senate Bill No. 620 (2017-2018 Reg. Sess.) (Stats. 2017, ch. 682, § 2), which amended section 12022.53 so that the 25-years-to-life enhancement was no longer mandatory but instead could be stricken in the interest of justice. (See § 12022.53, subd. (h) ["The court may, in the interest of justice pursuant to Section 1385 and at the time of sentencing, strike or dismiss an enhancement otherwise required to be imposed by this section. The authority provided by this subdivision applies to any resentencing that may occur pursuant to any other law"].) In a subsequent opinion, we remanded to the trial court, stating, "The matter is remanded for the limited purpose of allowing the trial court to exercise its discretion under section 12022.53, subdivision (h)." (*People v. Mares* (July 26, 2018, G053959) [nonpub. opn.].)

---

[1] All statutory references are to the Penal Code.

On remand, in August 2019, the trial court held a sentencing hearing where it declined to strike the firearm enhancement. Initially, no appeal was filed from that order. However, in October 2022, we granted Mares's petition for writ of habeas corpus, permitting him to file a notice of appeal from the August 2019 order. (*In re Lawrence Albert Mares* (Oct. 13, 2022, G061818) [nonpub. opn.].)

Mares's principal contention on appeal is that the law has changed once again, and thus we should again remand for resentencing consistent with current law. Specifically, Mares contends that our high court's decision in *People v. Tirado* (2022) 12 Cal.5th 688 (*Tirado*) has increased the breadth of a court's discretion when considering striking a firearm enhancement. In *Tirado* the court held that when considering whether to strike a firearm enhancement, the court may impose a lesser *uncharged* enhancement, provided the jury's findings meet all elements of the lesser enhancement. (*Id.* at p. 700 ["When an accusatory pleading alleges and the jury finds true the facts supporting a section 12022.53[, subdivision (d)] enhancement, and the court determines that the section 12022.53[, subdivision (d)] enhancement should be struck or dismissed under section 12022.53[, subdivision (h)], the court may, under section 12022.53[, subdivision (j)], impose an enhancement under section 12022.53[, subdivision (b)] or (c)"].) The court disagreed with certain Courts of Appeal that had reached the opposite conclusion and had cast the issue as "a 'binary' choice: either strike the enhancement or impose it." (*Id.* at p. 697.)

In response, the Attorney General contends that any error was harmless because the trial court already exercised its discretion not to impose a lesser firearm enhancement. We agree.

Section 12022.53 sets forth three increasingly severe enhancements related to the use of a firearm. "Section 12022.53[, subdivision (b)] mandates the imposition of a 10-year enhancement for personal *use* of a firearm in the commission of one of those felonies; section 12022.53[, subdivision (c)] mandates the imposition of a 20-year enhancement for personal and intentional *discharge* of a firearm; and section 12022.53[, subdivision (d)] provides for a 25-year-to-life enhancement for personal and intentional discharge of a firearm *causing great bodily injury or death* to a person other than an accomplice." (*Tirado, supra,* 12 Cal.5th at p. 695.)

Here, critically, Mares was charged with an enhancement under both subdivision (d) *and* subdivision (c). In its original sentencing, the court imposed the 20-year enhancement under subdivision (c) but stayed it pursuant to section 654. Thus, there was a lesser charged enhancement that the jury found to be true and that the court imposed.

In 2019 following our prior remand, Mares asked the court "to strike the enhancements in this case, . . . Sections 12022.53[, subdivision c], 12022.53[, subdivision (d)], 12022.5[, subdivision (a)], and 12022.7[, subdivision (a).]"[2] Citing the violent nature of the crime, Mares's prior criminal history, and the fact that the discharge of a firearm was instrumental to the crime, the court declined to strike "*any of the gun enhancements*" in this case. (Italics added.) As both Mares's request and the court's ruling make it clear that the court did not view the matter as a binary choice between either imposing the subdivision (d) enhancement or no enhancement at all. Had the court struck the subdivision (d) enhancement, it would still have considered whether to strike the subdivision (c) enhancement or merely lift the stay under section 654. Indeed, the whole point of staying a sentence under section 654 is that the stay will be lifted if the

_____

[2] Section 12022.53 applies only to the enumerated felonies listed in subdivision (a). For all other felonies, section 12022.5 applies, which, in this case, includes count 2. Section 12022.7 was cited by defense counsel inadvertently.

greater punishment is vacated. (*People v. Sanchez* (2016) 245 Cal.App.4th 1409, 1415 ["When section 654 applies, the proper procedure is to impose sentence on both counts and stay execution of sentence on one of the counts. [Citations.] The stayed sentence becomes permanent upon completion of the sentence on the other count . . . . [Citation.] However, should the conviction on the count for which sentence was imposed be overturned, the sentencing court then merely lifts the stay on the section 654 count"].) Thus, the court already considered the possibility of making a relatively modest adjustment to Mares's sentencing enhancement from 25-years-to-life to 20 years but declined to do so.[3]

In light of these circumstances, even applying the more stringent *Chapman* test, any error in not considering whether to further reduce the enhancement to 10 years is plainly harmless. (See *Chapman v. California* (1967) 386 U.S. 18, 24 ["before a federal constitutional error can be held harmless, the court must be able to declare a belief that it was harmless beyond a reasonable doubt"].) The trial court already considered whether to make the smallest possible reduction in Mares's sentence, and it declined to do so. Thus, even if the court had explicitly considered further reducing the enhancement to 10 years under section 12022.53, subdivision (b), we are persuaded beyond a reasonable doubt that the court would have declined that option as well.

---

[3] Mares contends that our "limited" remand solely permitted consideration of whether to strike the subdivision (d) enhancement without regard to the other charged enhancements. However, it is clear that neither defense counsel nor the trial court interpreted our remand in such a manner.

5

DISPOSITION

The judgment is affirmed.

SANCHEZ, J.

WE CONCUR:

MOORE, ACTING P. J.

MOTOIKE, J