Filed 12/17/24  P. v. Hernandez CA6

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | H051741 |
| Plaintiff and Respondent, | (Monterey County Super. Ct. No. SS043158A) |
| v. | |
| JOSE ANTONIO HERNANDEZ, | |
| Defendant and Appellant. | |

Following his resentencing pursuant to Penal Code section 1172.75,[1] Jose Antonio Hernandez asserts the trial court erred by staying—rather than striking—a firearm enhancement imposed pursuant to section 12022.53, subdivision (b).  The Attorney General agrees and points out other errors in Hernandez's resentencing.  Because the trial court issued a legally unauthorized sentence but made clear its intentions, the parties jointly request that this court modify the judgment and affirm as modified.  For the reasons set forth below, we accede to the parties' request and order the requested modifications.

---

[1] All further unspecified statutory references are to the Penal Code.

# I. PROCEDURAL BACKGROUND[2]

In 2005, Hernandez was convicted by jury trial of attempted murder (§§ 664, 187, subd. (a); count 1), attempted murder of a peace officer (§ 217.1, subd. (b); count 2), assault with a firearm on a peace officer (§ 245, subd. (d)(1); count 3), exhibiting a firearm at a peace officer (§ 417.8; count 4), and possession of a firearm by a felon (§ 12021, subd. (a)(1); count 5). The jury also found true allegations that Hernandez personally used a firearm during the commission of counts 1 through 3 (§ 12022.53, subd. (b)). The jury found Hernandez not guilty of a second count of possession of a firearm by a felon (count 9), two counts of actively participating in a criminal street gang (§ 186.22, subd. (a); counts 6 & 10), and two counts of second degree robbery (§ 211; counts 7 & 8). In a bifurcated proceeding, Hernandez admitted having suffered a prior strike conviction (§ 1170.12) and having served three prior prison terms (§ 667.5, former subd. (b)).

Prior to his sentencing, Hernandez filed a motion requesting that the trial court dismiss his strike prior in the interests of justice. The same day, Hernandez filed a motion for new trial as to counts 1, 2 and 3, contending that the verdicts were contrary to law or evidence (§ 1181, subd. 6). The prosecutor filed opposition to both motions.

On October 27, 2005, the trial court denied both motions and sentenced Hernandez. The 2005 sentence consisted of an indeterminate term of 15 years to life on count 2, doubled under strike law (§ 1170.12, subd. (c)(1)) to 30 years, consecutive to 13 years (10 years for the firearm enhancement and three years for the prior prison terms). The court imposed the following terms on the remaining counts: on count 1, 24 years total (seven years, doubled pursuant to section 1170.12, subdivision (c)(1), for a total of

---

[2] The facts of the underlying offenses are not relevant to the legal issues addressed in this appeal. On our own motion, we take judicial notice of the procedural history contained in this court's prior opinion from Hernandez's appeal from the original judgment, *People v. Hernandez* (Jan. 29, 2007, H029509) [nonpub. opn.].

14 years, plus 10 years for the section 12022.53, subdivision (b) enhancement), stayed pursuant to section 654; on count 3, 22 years total (six years, doubled pursuant to section 1170.12, subdivision (c)(1), for a total of 12 years, plus 10 years for the section 12022.53, subdivision (b) enhancement), stayed pursuant to section 654; on count 4, six years total (three years, doubled pursuant to section 1170.12, subdivision (c)(1)), stayed pursuant to section 654; and, on count 5, four years total (two years, doubled pursuant to section 1170.12, subdivision (c)(1)), to be served concurrently.

On appeal, this court reversed the conviction for attempted murder (§§ 664, 187, subd. (a)) on count 1, because it is a lesser included offense of attempted murder of a peace officer (§ 217.1, subd. (b)), but otherwise affirmed the judgment. (*Hernandez*, *supra*, H029509, at pp. 12–13.) On February 23, 2007, the trial court filed an amended abstract of judgment.

In November 2022, following the passage of Senate Bill No. 483 (2021-2022 Reg. Sess.) (Senate Bill 483), the trial court appointed counsel for Hernandez for resentencing because his section 667.5, former subdivision (b) enhancements were now presumptively invalid.[3] In November 2023, Hernandez, through counsel, requested a full resentencing and asked the court to strike his strike prior allegation and to dismiss the firearm enhancement.

On December 12, 2023, the trial court conducted "a complete resentencing." It denied the *Romero*[4] motion and struck the three section 667.5, former subdivision (b) enhancements. It imposed the section 12022.53, subdivision (b) gun enhancement on count 5 but stayed the punishment. The court stated it was "going to grant [Hernandez's]

---

[3] The record on appeal does not contain any section 1172.75 petition filed by Hernandez. Presumably, he was identified by the California Department of Corrections and Rehabilitation as a person eligible for resentencing under section 1172.75.

[4] *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497.

request to stay the ten-year gun enhancement"[5] and it "is going to impose but stay the ten-year term, so that will not add any additional time to the total aggregate term." On count 2, the court sentenced Hernandez to an indeterminate term of 15 years to life, doubled pursuant to his prior strike conviction to 30 years to life. On count 5, the court sentenced Hernandez to the middle term of two years, to be served concurrently with count 2. The court struck the one-year terms imposed for each of the prison priors. The court described the aggregate term as "30 years to life." Without any oral explanation, the court did not impose any sentences on counts 3 and 4.[6] The minute order indicates "[d]efendant is resentenced as to counts 2 and 5 only."

The trial court issued abstracts of judgment. The abstract of judgment for the indeterminate sentence reflects that the court imposed sentences on counts 3 and 4 but stayed them pursuant to section 654. The abstract of judgment does not list the terms imposed on counts 3 and 4.

Hernandez timely appealed.

## II. DISCUSSION

On appeal, Hernandez argues that the trial court lacked the authority to stay the punishment on the section 12022.53, subdivision (b) enhancement, resulting in the imposition of an unauthorized sentence. Hernandez maintains the court had the authority to strike the enhancement in the interests of justice (§ 1385) pursuant to section 12022.53, subdivision (h). Because the court at sentencing made clear that it did not wish to impose any additional custodial time for the enhancement, Hernandez requests that this court modify the judgment by striking the enhancement and ordering the preparation of a new abstract of judgment.

_____

[5] In fact, Hernandez had requested that the court dismiss the gun enhancement, not stay it.

[6] The parties did not object to the court's failure to pronounce sentence on counts 3 and 4.

4

The Attorney General agrees that the trial court lacked the authority to stay Hernandez's firearm enhancement under section 1385. The Attorney General further agrees with Hernandez that the court made clear that it did not intend to impose any additional term of punishment for the enhancement. The Attorney General joins in Hernandez's request that this court modify the judgment by striking the enhancement.

The Attorney General further asserts that the trial court erred by failing to pronounce judgment on counts 3 and 4. The Attorney General states that the court was " 'required to include all aspects of a judgment in its oral pronouncement of judgment.' " Although the abstract of judgment indicates sentences on counts 3 and 4, the oral pronouncement of judgment (which did not reference those counts) controls. In addition, the Attorney General asserts the trial court erred in failing to double the sentence on count 5 pursuant to strike law. (§ 1170.12, subd. (c)(1).)

The Attorney General notes that remand for resentencing is generally appropriate where the trial court has committed error, but the errors here do not alter Hernandez's actual prison time. The Attorney General requests that this court exercise its authority to modify the judgment. In reply, Hernandez agrees that the trial court erred in its sentences on counts 3, 4, and 5. He concurs in the Attorney General's request that this court modify the judgment and in the specifics of how the Attorney General suggests the judgment should be modified.

This court agrees with the parties' identification of the errors in the trial court's 2023 resentencing of Hernandez. The trial court did not have the authority under either sections 12022.53 or 1385 to stay the punishment on the enhancement. "Unless a statute says otherwise, an enhancement may be imposed or stricken, but . . . may not be *stayed*; to do so is an illegal sentence.' " (*People v. Haykel* (2002) 96 Cal.App.4th 146, 151.) Section 12022.53, subdivision (h) states, "The court may, in the interest of justice pursuant to [s]ection 1385 and at the time of sentencing, strike or dismiss an enhancement otherwise required to be imposed by this section." It does not authorize

staying the enhancement. "Section 1385 provides that a court may, 'in furtherance of justice, order an action to be dismissed.' (*Id*., subd. (a).) Though section 1385 literally authorizes the dismissal of 'an action,' it has been construed to permit the dismissal of parts of an action [citation], including a weapon or firearm use enhancement." (*People v. Tirado* (2022) 12 Cal.5th 688, 696.) Neither section 1385 nor 12022.53, subdivision (h) authorizes the trial court to exercise its discretion to stay (rather than strike) an enhancement. Therefore, the trial court erred when it stayed the enhancement. (See *People v. Lopez* (2004) 119 Cal.App.4th 355, 364.)

"The failure to impose or strike an enhancement is a legally unauthorized sentence subject to correction for the first time on appeal." (*People v. Bradley* (1998) 64 Cal.App.4th 386, 391.) Further, this court may correct the sentence even in the absence of objection in the trial court. (See *People v. Welch* (1993) 5 Cal.4th 228, 235–236 [listing examples of "pure questions of law" that can be corrected by the reviewing court, including failure to strike or impose an enhancement].)

We also agree that the trial court erred in failing to pronounce sentence on counts 3 and 4. "The trial court is generally required to include all aspects of a judgment in its oral pronouncement of judgment." (*People v. Leon* (2020) 8 Cal.5th 831, 855.) "By its plain terms, section 1172.75 requires a full resentencing, not merely that the trial court strike the newly 'invalid' enhancements." (*People v. Monroe* (2022) 85 Cal.App.5th 393, 402.) A full resentencing requires that the trial court pronounce a sentence on all counts. (See *People v. Buycks* (2018) 5 Cal.5th 857, 893.) Further, although the abstract of judgment indicates that the sentences on those counts was stayed pursuant to section 654, it does not list a sentence on those counts. This, too, was error. "When section 654 applies, the proper procedure is to impose sentence on both counts and stay execution of sentence on one of the counts." (*People v. Sanchez* (2016) 245 Cal.App.4th 1409, 1415.)

Ordinarily, we would remand the matter to the trial court to pronounce a sentence on counts 3 and 4. However, the sentencing transcript and the minute order—although

they contain legal errors—make clear the trial court's intent as to the resentencing of Hernandez. Further, both Hernandez and the Attorney General request that this court correct the sentence and agree as to how it should be corrected.

Pursuant to the joint request of the parties, this court will order corrections to the judgment to reflect a legally authorized sentence. In the interests of judicial economy, and because these errors amount to pure questions of law, this court will order the necessary corrections itself. As to the counts for which the trial court omitted to pronounce a sentence (counts 3 & 4), this court will order reimposition of the sentences imposed at the 2005 sentencing, consistent with the notation in the minute order for the 2023 sentencing that the "[d]efendant is resentenced as to counts 2 and 5 only." Further, the court will order the striking of the section 12022.53 enhancement on count 3, consistent with the trial court's statement that it did not wish Hernandez to serve any additional prison time for the firearm enhancement.

Therefore, this court orders that the judgment be modified to (1) strike the section 12022.53 enhancements on counts 2 and 3 and (2) impose the following sentences: on count 2, an indeterminate term of 15 years to life, doubled pursuant to section 1170.12, subdivision (c)(1), for a total term of 30 years to life; on count 3, a term of six years, doubled pursuant to section 1170.12, subdivision (c)(1), for a total term of 12 years and stayed pursuant to section 654; on count 4, a term of three years, doubled pursuant to section 1170.12, subdivision (c)(1), for a total term of six years and stayed pursuant to section 654; on count 5, a term of two years, doubled pursuant to section 1170.12, subdivision (c)(1), for a total term of four years, to be served concurrently.

### III. DISPOSITION

The judgment is ordered modified to (1) strike the Penal Code section 12022.53 enhancements on counts 2 and 3 and (2) impose the following sentences: on count 2, an indeterminate term of 15 years to life, doubled pursuant to Penal Code section 1170.12, subdivision (c)(1), for a total term of 30 years to life; on count 3, a term of six years,

doubled pursuant to Penal Code section 1170.12, subdivision (c)(1), for a total term of 12 years, stayed pursuant to Penal Code section 654; on count 4, a term of three years, doubled pursuant to Penal Code section 1170.12, subdivision (c)(1), for a total term of six years, stayed pursuant to Penal Code section 654; on count 5, a term of two years, doubled pursuant to Penal Code section 1170.12, subdivision (c)(1) for a total term of four years, to be served concurrently. As so modified, the judgment is affirmed. The trial court is directed to prepare an amended abstract of judgment and to send a copy to the Department of Corrections and Rehabilitation.

_____

Danner, J.

WE CONCUR:

_____

Greenwood, P. J.

_____

Bromberg, J.

**H051741**
***People v. Hernandez***