Filed 1/21/26  P. v. Cervantez CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>RENE RAY CERVANTEZ,<br><br>    Defendant and Appellant. | 2d Crim. No. B341866<br>(Super. Ct. No. 2020008715)<br>(Ventura County) |

This is the second appeal in this case.  In 2024, we reversed Cervantez's convictions for animal cruelty and remanded for retrial of those counts or resentencing.  (*People v. Cervantez* (July 19, 2024, B327570) as mod. on den. of rehg. Aug. 6, 2024 [nonpub. opn.] 2024 WL 3465020.)  Cervantez contends the trial court erred by resentencing him without his personal presence, failing to conduct a full resentencing, and miscalculating his credits for time served.  The Attorney General concedes the denial of Cervantez's right to personal presence at the resentencing requires we vacate the sentence and remand again for resentencing.  We agree.

FACTUAL AND PROCEDURAL HISTORY

Cervantez was found guilty following a jury trial of possession of heroin and fentanyl for sale (Health & Saf. Code, § 11351; counts 1 and 8), possession of a controlled substance with a firearm (Health & Saf. Code, § 11370.1, subd. (a); count 2), felon in possession of ammunition (Pen. Code,[1] § 30305, subd. (a)(1); counts 4 and 6), felon in possession of a firearm (§ 29800, subd. (a)(1); count 5), sale of heroin (Health & Saf. Code, § 11352, subd. (a); count 7), and cruelty to animals (§ 597, subd. (b); counts 9 and 10). The jury also found true an allegation that Cervantez was armed with a firearm in the commission of count 1 (§ 12022, subd. (c)). He admitted he had suffered a prior strike conviction (§§ 667, subds. (c)(1), (e)(1), 1170.12, subds. (a)(1), (c)(1)), and that he committed the offenses while released on bail (§ 12022.1, subd. (b)).

In February 2023, the court sentenced Cervantez to 15 years in state prison, consisting of consecutive sentences of: six years for count 1 (midterm of three years, doubled for strike); low term of three years for the firearm enhancement for count 1; two years, eight months for count 7 (one-third of midterm of four years, doubled for strike); two years for count 8 (one-third of midterm of three years, doubled for strike); and one year, four months for count 10 (one-third of midterm of two years, doubled for strike). The court imposed concurrent sentences for counts 4 and 9, and stayed sentences pursuant to section 654 for counts 2, 5, and 6. The court dismissed the on-bail allegations pursuant to section 1385. The court also imposed a consecutive sentence of one year, four months for a violation of Health and Safety Code

---

[1] Undesignated statutory references are to the Penal Code.

section 11378 in case 2017011288.

In the first appeal, we reversed the animal cruelty convictions based on instructional error.  We also concluded the trial court did not abuse its discretion when it declined to dismiss the prior strike pursuant to *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497 (*Romero*).  We ordered: "Appellant's convictions on counts 9 and 10 are reversed.  On remand, the People may retry those counts.  If the People elect not to retry counts 9 and 10, the trial court shall resentence Cervantez consistent with this opinion.  The clerk shall prepare an amended abstract of judgment and forward a copy to the Department of Corrections and Rehabilitation.  In all other respects, the judgment is affirmed." (*People v. Cervantez, supra*, 2024 WL 3465020 at p. *5.)

At the October 2024 resentencing hearing, the court noted defense counsel's appearance and stated, "Mr. Cervantez is at the Department of Corrections, so he's not present."  Although the minute order states counsel appeared with section 977 authority, there is no written waiver and no mention in the reporter's transcript regarding a waiver of personal appearance.

The prosecution elected not to retry counts 9 and 10, and those counts were dismissed on the People's motion.  The prosecutor advised the court, "[T]he new sentence is 13 years, 8 months."  The court modified the previous sentence, stating, "As to the new sentence now, it will be 13 years, 8 months pursuant to the Court of Appeal decision."  There was no discussion regarding any other part of the sentence.

 An amended abstract signed October 29, 2024, deleted the sentence for counts 9 and 10 (for a total of 13 years eight months on the current case), and showed the consecutive sentence of one

3

year four months in case 2017011288.  But it incorrectly calculated the total time for both cases as 13 years eight months rather than 15 years.  It also incorrectly showed execution of sentence was imposed "at resentencing per recall of commitment (PC 1172.1)" rather than "at resentencing per decision on appeal," and gave the original sentencing date rather than the resentencing date.  And it also failed to update Cervantez's custody credits.

A new amended abstract signed November 18, 2024, failed to reflect the new sentence and incorrectly included a concurrent sentence of four years and a consecutive sentence of one year four months for the dismissed animal cruelty convictions in counts 9 and 10, respectively.[2]  With the consecutive sentence of one year four months in case 2017011288, the abstract calculated the total as 16 years four months (rather than 15 years).  It again misstated the reason for resentencing, did not reflect the resentencing date, and failed to update custody credits.

## DISCUSSION

### *Right to appear*

Cervantez contends the case must be remanded for a new resentencing hearing because he was denied his right to be present at resentencing.  The Attorney General correctly concedes.

"A defendant, of course, has a constitutional right to be present at all critical stages of the criminal prosecution, i.e., 'all stages of the trial where his absence might frustrate the fairness of the proceedings.' " (*People v. Rodriguez* (1998) 17 Cal.4th 253, 260.)  The defendant's right to be present includes at a

---

[2] This amended abstract was signed after filing of the notice of appeal but was included in the record on appeal.

4

resentencing hearing. (*Ibid*. [right to presence following remand to consider dismissing strike]; *People v. Cutting* (2019) 42 Cal.App.5th 344, 348 (*Cutting*).)

Section 977 requires that a felony defendant "shall be physically present . . . at the time of the imposition of sentence." (§ 977, subd. (b)(1).) It allows a defendant to waive their physical presence only for "other proceedings." (*Ibid*.) Cervantez was not physically present at the resentencing hearing.

Even if section 977 is interpreted to permit a waiver of personal presence for sentencing, the record does not show a valid waiver here. As in *People v. Velasco* (2023) 97 Cal.App.5th 663 (*Velasco*), the minute order for resentencing showed the defendant waived his presence, but "there is no corresponding writing in the record" and "no evidence that he or his attorney previously entered a valid waiver on the record." (*Id*. at p. 674.) And neither Cervantez nor his attorney gave the required confirmation "that the defendant has been advised of the right to be physically or remotely present for the hearing at issue." (§ 977, subd. (b)(2)(A) & (B).)

Notwithstanding section 977, waiver of personal appearance at felony sentencing is permitted by section 1193 if "the defendant, in open court and on the record or in a notarized writing, requests that judgment be pronounced against them in their absence." (§ 1193, subd. (a)(1).) This provision applies to resentencing following an appellate court remand. (*Cutting*, *supra*, 42 Cal.App.5th at pp. 345–346; *People v. Sanchez* (2016) 245 Cal.App.4th 1409, 1414.) But Cervantez did not waive his right to be present at sentencing in open court or by a notarized writing. Accordingly, the trial court erred when it resentenced Cervantez without his personal presence.

*Harmless error*

Because resentencing Cervantez in his absence violated his "federal constitutional right to be present at a critical stage of the proceedings, we review the error under *Chapman v. California* (1967) 386 U.S. 18, 23 . . ., to determine if it was harmless beyond a reasonable doubt," i.e., " 'only if we can conclude beyond a reasonable doubt that the deprivation did not affect the outcome of the proceeding.' " (*Cutting*, *supra*, 42 Cal.App.5th at p. 348; *Velasco*, *supra*, 97 Cal.App.5th at p. 674; but see *People v. Mendoza* (2016) 62 Cal.4th 856, 902 [absence at evidentiary portion of trial without waiver subject to less rigorous harmless error analysis of *People v. Watson* (1956) 46 Cal.2d 818, 836].)

The resentencing here required more than the ministerial subtraction of the sentence for counts 9 and 10. "[W]hen part of a sentence is stricken on review, on remand for resentencing 'a full resentencing as to all counts is appropriate, so the trial court can exercise its sentencing discretion in light of the changed circumstances.' " (*People v. Buycks* (2018) 5 Cal.5th 857, 893.) Here, the court could have reconsidered various aspects of the sentence such as selection of the middle term for count 1, imposition of the firearm enhancement, and imposition of consecutive sentences. Although we concluded in the first appeal that the trial court did not abuse its discretion when it denied the motion to dismiss the strike pursuant to *Romero*, *supra*, 13 Cal.4th 497, the trial court on resentencing had jurisdiction to reconsider that ruling. (*People v. Rogers* (2025) 108 Cal.App.5th 340, 364; *People v. Rodriguez*, *supra*, 17 Cal.4th at p. 260.) At resentencing, the court may consider " 'any pertinent circumstances which have arisen since the prior sentence was imposed.' " (*Buycks*, at p. 893.)

Because the resentencing was conducted by a judge other than the trial judge, and Cervantez was represented by a different attorney, they may not have been familiar with potentially mitigating information.  If Cervantez had been present at resentencing, he "may have offered mitigating factors that arose after his original sentencing; he may have expressed remorse; he may have made a plea for leniency." (*Cutting, supra*, 42 Cal.App.5th at p. 350.)  Accordingly, "we cannot conclude beyond a reasonable doubt that his presence at the hearing would not have affected the outcome." (*Ibid.*)

Because the defendant's absence at the resentencing hearing requires a remand at which the trial court may reconsider all its sentencing choices, we need not determine if counsel rendered ineffective assistance by failing to ask the trial court to do so.

### *Credits*

At the resentencing, the trial court failed to update Cervantez's custody credits.  The amended abstract must include credit for actual days in custody after the original sentencing until the date of resentencing. (*People v. Sanchez, supra*, 245 Cal.App.4th at p. 1418.)  On remand, the trial court must calculate the actual time in prison; the determination of prison conduct credits is left to the prison administration. (*People v. Honea* (1997) 57 Cal.App.4th 842, 845, disapproved on other grounds in *People v. Johnson* (2004) 32 Cal.4th 260, 268, fn. 3.)

### DISPOSITION

The sentence is vacated, and the matter is remanded to the trial court for a resentencing hearing at which Cervantez is present unless he waives his presence in accordance with Penal Code section 1193.  At resentencing the court may reconsider all

its sentencing choices. We express no opinion as to how the court should exercise its discretion on remand. After resentencing, the trial court shall prepare an amended abstract of judgment that correctly reflects the counts for which sentence is imposed, the total sentence, and credit for time served, and forward a copy to the Department of Corrections and Rehabilitation.

NOT TO BE PUBLISHED.


BALTODANO, J.


We concur:


YEGAN, Acting P. J.


KELLEY, J.*

---

\* Judge of San Luis Obispo County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

8

Paul W. Baelly, Judge

Superior Court County of Ventura

_____

Olivia Meme, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Noah P. Hill and Heidi Salerno, Deputy Attorneys General, for Plaintiff and Respondent.