[No. D036480. Fourth Dist., Div. One. Sept. 13, 2001.]

In re MARK ANTHONY JENSEN on Habeas Corpus.

**COUNSEL**

Doris S. Browning, under appointment by the Court of Appeal, for Petitioner Mark Anthony Jensen.

Paul J. Pfingst, District Attorney, Thomas F. McArdle and D. Michael Ebert, Deputy District Attorneys, for Respondent the People.

**OPINION**

**HALLER, J.**—Relying on *People v. Garcia* (1999) 21 Cal.4th 1 [87 Cal.Rptr.2d 114, 980 P.2d 829], Mark Anthony Jensen contends in this proceeding that the trial court erroneously treated a prior juvenile adjudication as a strike. We issued an order to show cause and, having reviewed the matter, agree with Jensen's contention. Accordingly, we grant the writ.

## Factual and Procedural Background

In 1995, a jury convicted Jensen of being a felon in possession of a firearm (Pen. Code, § 12021, subd. (a)),[1] and found he had served three prior prison terms (§ 667.5, subd. (b)) and suffered two strike prior convictions (§ 667, subds. (b)-(i)). The trial court sentenced him to 28 years to life in prison: 25 years to life for being a felon in possession of a firearm with two strikes, plus one year for each prison prior.

One of the strikes was for a 1980 juvenile adjudication for voluntary manslaughter. Jensen, then 17 years old, admitted killing a 45-year-old man he met on a beach in Monterey County. After they had drunk beer together, Jensen said the man made a homosexual advance. Jensen grabbed a piece of driftwood and hit the man on the back of the head. As the victim attempted to get up, Jensen struck him several more times until he collapsed. Jensen covered up the body with sand. The victim was still gasping as Jensen left in the victim's car.

The Monterey County Juvenile Court found Jensen to be a fit subject to be dealt with under the juvenile court law. The juvenile court made a true finding on an amended petition charging voluntary manslaughter. The juvenile court set the maximum confinement time to be six years.

## Discussion

The "Three Strikes" law allows certain prior juvenile adjudications to be counted for sentencing purposes as prior serious/violent felonies or strikes. (§ 667, subd. (d)(3).)

Section 667, subdivision (d)(3) reads:

"A prior juvenile adjudication shall constitute a prior felony conviction for purposes of sentence enhancement if:

"(A) The juvenile was 16 years of age or older at the time he or she committed the prior offense.

---

[1] All statutory references are to the Penal Code unless otherwise specified.

"(B) The prior offense is listed in subdivision (b) of Section 707 of the Welfare and Institutions Code or described in paragraph (1) [subdivision (d)(1) of section 667] or (2) [subdivision (d)(2) of section 667] as a felony.[2]

"(C) The juvenile was found to be a fit and proper subject to be dealt with under the juvenile court law.

"(D) The juvenile was adjudged a ward of the juvenile court within the meaning of Section 602 of the Welfare and Institutions Code because the person committed an offense listed in subdivision (b) of Section 707 of the Welfare and Institutions Code."

For convenience, we will refer below to the four paragraphs of section 667, subdivision (d)(3) simply as paragraphs (A), (B), (C), and (D).

In *People v. Garcia, supra,* 21 Cal.4th at page 3, our Supreme Court was asked to resolve the question of whether a prior juvenile adjudication for an offense that would qualify as a strike if it were the subject of an adult conviction qualifies as a strike if the offense is not also listed in Welfare and Institutions Code section 707, subdivision (b) (hereafter Welfare and Institutions Code section 707(b)).

In *People v. Garcia, supra,* 21 Cal.4th at page 4, the defendant was sentenced under the Three Strikes law on the basis of a juvenile adjudication for burglary of an inhabited dwelling, which is not an offense listed in Welfare and Institutions Code section 707(b), but is listed as a serious felony in section 1192.7, subdivision (c)(18). The Supreme Court held the adjudication did not qualify as a strike because the requirement of paragraph (D) had not been satisfied. (*People v. Garcia, supra,* at p. 15.) The high court rejected a number of proposals that called for disregarding part of the statutory language as "inadvertent drafter's error." (*Id.* at p. 9.) Instead, the Supreme Court construed section 667, subdivision (d)(3) in a manner to give effect to all of its provisions, holding that under paragraph (D) a prior adjudication of a serious or violent felony not listed in Welfare and Institutions Code section 707(b) counts as a strike only if it was part of a wardship adjudication that was also based on commission of at least one Welfare and Institutions Code section 707(b) offense. (*People v. Garcia, supra,* at pp. 6, 13.)

---

[2]Subdivision (d)(1) of section 667 covers "[a]ny offense defined in subdivision (c) of Section 667.5 as a violent felony or any offense defined in subdivision (c) of Section 1192.7 as a serious felony in this state." Subdivision (d)(2) of section 667 provides that "[a] prior conviction of a particular felony shall include a conviction in another jurisdiction for an offense that includes all of the elements of the particular felony as defined in subdivision (c) of Section 667.5 or subdivision (c) of Section 1192.7."

Here, too, Jensen's prior juvenile adjudication did not meet the requirement of paragraph (D). At all pertinent times, voluntary manslaughter was not an offense listed in Welfare and Institutions Code section 707(b).[3] This was the only felony offense for which Jensen was adjudged a ward of the juvenile court. Under the mandate of *People v. Garcia, supra,* 21 Cal.4th 1, Jensen's prior adjudication of voluntary manslaughter was erroneously counted as a strike.

The People argue, however, we should go behind the bare adjudication to determine from the entire record whether the adjudication involved the commission of a Welfare and Institutions Code section 707(b) offense. Specifically, the People urge the juvenile court record shows that Jensen's conduct, in addition to the adjudicated offense, amounted to an assault by any means of force likely to produce great bodily injury, which is an offense listed in Welfare and Institutions Code section 707(b). (Welf. & Inst. Code, § 707(b)(14).)

The argument is of no avail. Regardless of whether Jensen's conduct also constituted a Welfare and Institutions Code section 707(b) offense, the juvenile petition did not allege assault by any means of force likely to produce great bodily injury, and no true finding was made on such an offense. In other words, Jensen was *not* "adjudged a ward of the juvenile court within the meaning of Section 602 of the Welfare and Institutions Code because" he committed an assault by any means likely to produce great bodily injury. (§ 667, subd. (d)(3)(D).) Paragraph (D) requires an adjudication of a Welfare and Institutions Code section 707(b) offense; a showing the conduct includes the elements of such an offense is not adequate. Because the requirement of paragraph (D) was not satisfied, Jensen's prior adjudication does not qualify as a strike.

The Three Strikes statute is clear: A prior juvenile adjudication cannot be used as a strike unless four conditions are met. (§ 667, subd. (d)(3)(A)-(D).) These conditions include the requirement that the defendant, in the prior juvenile proceeding, was adjudged a ward because he or she committed at least one offense listed in Welfare and Institutions Code section 707(b). (§ 667, subd. (d)(3)(D).) Furthermore, *People v. Garcia, supra,* 21 Cal.4th 1, teaches that the section of the Three Strikes law delineating what prior juvenile adjudications qualify as strikes (§ 667, subd. (d)(3)) should be read narrowly according to its terms.

[3]With the enactment of Proposition 21, voluntary manslaughter was added to the list of offenses in Welfare and Institutions Code section 707(b). (Welf. & Inst. Code, § 707(b)(30).) As a result, adjudications of voluntary manslaughter that were committed on or after March 8, 2000, qualify as strikes. (See § 667.1.) The amendment therefore does not affect this case.

The People's reliance on cases such as *People v. Guerrero* (1988) 44 Cal.3d 343 [243 Cal.Rptr. 688, 748 P.2d 1150] is misplaced. In *People v. Guerrero, supra,* 44 Cal.3d at page 355, the Supreme Court held a trial court may look to the entire record of the prior conviction to ascertain the substance of the prior conviction. This type of an examination allows the court to determine whether the prior conviction was in fact a serious felony as listed in section 1192.7, subdivision (c), which includes conduct as well as offenses. (*Guerrero,* at pp. 347-348.)

In urging the record of the prior adjudication be examined to satisfy paragraph (D) by showing Jensen's conduct constituted a Welfare and Institutions Code section 707(b) offense, the People effectively treat paragraph (D) as though it merely sets forth the offenses that qualify as juvenile strikes, much like paragraph (B).

In doing so, the People lose sight of the salient requirement of paragraph (D)—namely, the adjudication of wardship be based on at least one Welfare and Institutions Code section 707(b) offense. Such treatment also ignores the statutory interpretation adopted by our state's high court, which found paragraph (D) sets forth a necessary and independent requirement for using a prior juvenile adjudication as a strike. (*People v. Garcia, supra,* 21 Cal.4th at pp. 6, 12.) As the Supreme Court put it: "[W]e interpret paragraph (B) as setting out the list of prior juvenile offenses that will qualify as strikes and paragraph (D) as requiring, *in addition,* that in the prior juvenile proceeding giving rise to the qualifying adjudication *the juvenile [had] been adjudged a ward of the court because of a Welfare and Institutions Code section 707(b) offense,* whether or not that offense is the same as the offense currently alleged as a strike." (*Id.* at p. 6, italics added.) In other words, "[p]aragraph (D), . . . unlike paragraph[] . . . (B), does not set forth a circumstance relating to 'the prior offense.' Instead, it requires that the juvenile 'was adjudged' a ward under Welfare and Institutions Code section 602 because of a Welfare and Institutions Code section 707(b) offense. (§ 667, subd. (d)(3)(D).)" (*Id.* at p. 7.)

The People's reliance on *People v. Fountain* (2000) 82 Cal.App.4th 61 [97 Cal.Rptr.2d 824] is also misplaced. In dicta, the Court of Appeal in *People v. Fountain, supra,* 82 Cal.App.4th at page 68, stated a trial court could properly look to the record behind a juvenile adjudication of battery with serious bodily injury (§ 243, subd. (d)) to determine whether the defendant's

conduct constituted a Welfare and Institutions Code section 707(b) offense, namely assault by any means likely to produce great bodily injury.[4]

However, this observation does not help the People here. As we read *People v. Fountain, supra*, 82 Cal.App.4th 61, the purpose of examining the record of the juvenile adjudication was to determine whether the requirement of paragraph (B) was met. Battery with serious bodily injury is not a strike offense—it is neither a violent felony under section 667.5 nor a serious felony under section 1192.7, and it is not an offense listed in Welfare and Institutions Code section 707(b). We have no quarrel with the proposition that a trial court can go behind the bare juvenile adjudication to determine whether it is a qualifying offense—that is, whether it meets the requirement of paragraph (B). (See *People v. Leng* (1999) 71 Cal.App.4th 1, 9 [83 Cal.Rptr.2d 433].) Our position, as outlined above, is that a trial court cannot do so to meet the requirement of paragraph (D). To the extent that *People v. Fountain, supra*, 82 Cal.App.4th 61, holds otherwise, we decline to follow it.

In sum, we find Jensen's prior juvenile adjudication for voluntary manslaughter does not qualify as strike under section 667, subdivision (d)(3). A necessary condition—that Jensen was adjudged a ward of the juvenile court for an offense listed in Welfare and Institutions Code section 707(b)—was not met. (§ 667, subd. (d)(3)(D).)

### DISPOSITION

Let a writ of habeas corpus issue directing the superior court to (1) vacate the sentence of January 22, 1996, and (2) conduct further sentencing proceedings consistent with this opinion. The trial court shall file an amended abstract of judgment with the Department of Corrections.

Kremer, P. J., and McIntyre, J., concurred.

Respondent's petition for review by the Supreme Court was denied December 19, 2001. Kennard, J., was of the opinion that the petition should be granted.

---

[4]Nonetheless, the Court of Appeal found the evidence in the record of the juvenile adjudication was insufficient to show the conduct amounted to the Welfare and Institutions 707(b) offense and reversed the trial court's finding that the prior juvenile adjudication constituted a strike. (*People v. Fountain, supra*, 82 Cal.App.4th at p. 69.)