Filed 6/28/23  In re Brown CA4/2
Opinion following transfer from Supreme Court

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| In re BRANDON CRAIG BROWN, <br><br> on Habeas Corpus | E071401 <br><br> (Super. Ct. Nos. WHCJS1800004 FSB039762) <br><br> OPINION |

APPEAL from the Superior Court of San Bernardino County.  Gregory S. Tavill and Brian S. McCarville, Judges.  Affirmed.

James Anderson District Attorney, Philip P. Stemler, Deputy District Attorney, for Appellant.

James M. Crawford, under appointment by the Court of Appeal, for Respondent.

## I.

## INTRODUCTION

The People appeal from the trial court's orders granting respondent Brandon Craig Brown's (defendant) petition for writ of habeas corpus, vacating his sentence, and resentencing him to 16 years, eight months in prison, which is eight years shorter than his original sentence.  The trial court granted his writ petition because his strike for

carjacking as a juvenile does not qualify as a strike under Welfare and Institutions Code section 707, subdivision (b)[1] and Penal Code section 667, subdivision (d)(3).[2] The trial court also concluded that defendant's trial counsel provided ineffective assistance of counsel (IAC) by not objecting to the strike during sentencing.

The People argued in their original appeal that the trial court erred in granting defendant's writ petition and vacating his sentence because (1) his juvenile carjacking adjudication qualifies as a strike under 2006 law, (2) the trial court erred in applying *People v. Gallardo* (2017) 4 Cal.5th 120 (*Gallardo*), retroactively, (3) the trial court exceeded its jurisdiction by vacating the carjacking strike imposed in cases against defendant in Los Angeles (case No. VA 076709) and Orange County (case No. 03NF1824), (4) defendant's trial counsel's failure to object to the carjacking strike did not constitute IAC, because the record of conviction established defendant's carjacking adjudication qualified as a strike, and (5) defendant's delay in filing his writ petition prejudiced the People's ability to oppose it.

On February 25, 2020, we issued a published decision affirming the trial court orders granting defendant's writ petition and the judgment. We concluded the trial court did not err in applying *Gallardo* retroactively and granting defendant's writ petition on the ground defendant's juvenile carjacking adjudication does not qualify as a strike. We therefore did not address defendant's IAC challenge or the People's other objections.

---

[1] This statute is referred to herein as 707(b) or section 707(b).

[2] This statute is referred to herein as 667(d)(3) or section 667(d)(3).

2

On June 10, 2020, the California Supreme Court granted the People's petition for review of this court's decision, and ordered that further action in this matter was deferred pending consideration and disposition of a related issue in *In re Milton* (2019) 42 Cal.App.5th 977 (see Cal. Rules of Court, rule 8.512(d)(2)). On August 22, 2022, the Supreme Court issued its decision in *In re Milton* (2020) 13 Cal.5th 893 (*Milton*).

On November 9, 2022, the Supreme Court ordered this case retransferred to our court with directions to vacate our opinion, rendering it depublished, and to reconsider the cause in light of *Milton*, *supra*, 13 Cal.5th 893. (*In re Brown on Habeas Corpus* (2022) 519 P.3d 333) We vacated our original opinion on November 15, 2022, and the parties filed supplemental briefs limited to the matters arising after this court's previous opinion was filed.

We now consider the matter in light of *Milton*, *supra*, 13 Cal.5th 893, and in accordance with *Milton*, hold that *Gallardo*, *supra*, 4 Cal.5th 120, does not apply retroactively. We further conclude that the trial court did not err in granting defendant's writ petition and vacating his sentence because defendant's juvenile carjacking adjudication does not qualify as a strike and his attorney committed IAC by not objecting to the strike. In addition, we conclude the delay in defendant bringing his writ petition in the trial court was not unreasonable or unduly prejudicial. We also conclude the trial court did not exceed its jurisdiction by vacating the carjacking strike entered in the Los Angeles (case No. VA 076709) and Orange County (case No. 03NF1824) cases. We therefore affirm the trial court writ petition order and judgment.

II.

FACTS AND PROCEDURAL BACKGROUND

A. *Prior Los Angeles Juvenile Court Carjacking Adjudication*

On October 2, 2001, the People filed in Los Angeles County juvenile court (LAJC), a petition under Welfare and Institutions Code section 602 (case No. VJ22377). The People alleged in count 1 that on September 29, 2001, when defendant was 17 years old, he committed the crime of carjacking (Pen. Code, § 215, subd. (a)) by unlawfully taking the victim's car by force or fear. The People alleged in count 2 that on the same date as the count 1 offense, defendant committed the crime of unlawful driving or taking of a vehicle (Veh. Code, § 10851, subd. (a)) by unlawfully driving and taking a vehicle without the consent of the owner and with the intent to permanently or temporarily deprive the owner of title to, and possession of, the vehicle.

On October 3, 2001, the court referred the LAJC matter to the probation department for a section 654 pre-plea report, with the matter continued to October 17, 2001. The Los Angeles County probation report dated October 17, 2001, summarized the facts of the carjacking offense. The report also included a victim statement, a statement of defendant's criminal history as a juvenile, defendant's personal history, interested party statements, a statement evaluating defendant's conduct under supervision, and a statement of the probation officer's analysis and recommended plan for defendant of placement with the former California Youth Authority (CYA).

During the December 18, 2001, adjudication and disposition hearing, the LAJC sustained the juvenile petition after defendant admitted both counts. The minute order states that the LAJC "read and considered the Probation Officer's Report filed herein and said report is admitted into evidence by reference." The LAJC ordered defendant detained in juvenile hall pending suitable placement. In April 2002, after the LAJC reviewed the probation report, the LAJC ordered defendant placed in a six-month camp program.

B. *Defendant's 2003 Crime Spree*

After his release from the CYA, defendant committed numerous crimes as an adult in March, April, and May 2003, in the counties of Los Angeles, Orange, San Bernardino, and Riverside.[3]

On August 8, 2003, defendant pled guilty and was convicted as an adult in Los Angeles County Superior Court (LASC) of two counts of second degree robbery committed in 2003 (LASC case No. VA 076709). The LASC sentenced defendant on October 20, 2003, to 12 years in prison, with the court finding defendant had one or more strikes. One of the alleged strikes was for the 2001 juvenile carjacking adjudication.

---

[3] Defendant also pled guilty and was convicted in Riverside Superior Court (RCSC) in 2007, of one count of second degree robbery committed in 2003 (RCSC case No. RIF110773) and was sentenced in 2007 to 13 years in prison. The Riverside case is not relevant to this appeal because, unlike the other criminal cases mentioned in this appeal, the juvenile carjacking adjudication was not included as a strike in the Riverside criminal case.

5

On April 27, 2004, defendant pled guilty and was convicted in Orange County Superior Court (OCSC) of two counts of second degree robbery committed in 2003 (OCSC case No. 03NF1824). On May 20, 2004, the OCSC sentenced defendant to two years in prison, with the court finding defendant had one or more strikes. One of the alleged strikes was for the 2001 juvenile carjacking adjudication.

C. *San Bernardino Superior Court Case*

In San Bernardino Superior Court (SBSC) case No. FSB039762, the People filed an information in July 2004, charging defendant as an adult with carjacking on March 27, 2003 (Pen. Code, § 215, subd. (a); count 1), attempted second degree robbery on April 16, 2003, and May 15, 2003 (Pen. Code, §§ 664, 211; counts 2, 8), and second degree robbery on May 1, 4, and 15, 2003 (Pen. Code, § 211; counts 3-7, 9-10). The information further alleged as to count 1 that defendant personally used a deadly weapon (Pen. Code, § 12022, subd. (b)(2)). The information also alleged defendant suffered a prior serious and/or violent felony conviction (Pen. Code, §§ 667, subd. (d), 1170.12, subd. (b)). The alleged strike was for the juvenile carjacking adjudication committed in Los Angeles in 2001 (LAJC case No. VJ22377).

1. *Guilty Plea in the SBSC Case*

On May 12, 2006, defendant withdrew his not guilty plea in the SBSC case and entered a guilty plea to counts 1 through 8, and 10 of the information. Defendant also admitted the enhancement allegations. Defendant and his attorney, Earl Carter, signed a plea agreement form, agreeing to an aggregate sentence of 20 years eight months, to run

6

consecutive to a four-year term imposed in LASC case No. VA076709, for a total prison term of 24 years eight months.

2. *Sentencing in the SBSC Case*

On June 5, 2006, the SBSC sentenced defendant on counts 1 through 8, and 10, to an aggregate term of 24 years eight months, in accordance with defendant's guilty plea on May 12, 2006, with the court finding defendant had two strikes (Pen. Code, §§ 1170.12, subd. (c)(1), 667, subd. (e)(1)). The court ordered count 9 dismissed pursuant to defendant's plea bargain. Defendant's aggregate sentence included a consecutive four-year prison term imposed in the LASC case.

By letter dated December 27, 2016, Jean Harper, correctional case records analyst of the California Department of Corrections and Rehabilitation (CDCR), notified the SBSC that a review of defendant's sentencing documents in the SBSC case revealed that the abstract of judgment and minute order may have contained numerous enumerated sentencing errors. Harper suggested that the trial court correct the sentence. In January 2017, the SBSC read and considered the CDCR letter and ordered that the abstract remain unchanged, as submitted.

By an interoffice memorandum dated February 1, 2017, San Bernardino County Deputy Public Defender Tammy Higgins stated that she was asked to review defendant's juvenile court file to determine whether his juvenile carjacking adjudication qualified as a strike. Higgins determined that it did not qualify as a strike because it was not a crime listed in section 707(b). Higgins noted defendant admitted violating Penal Code section

7

215, subdivision (a) (carjacking), but did not admit using a weapon when committing the crime, and there was no such allegation in the LAJC petition. Higgins further noted that defendant's plea agreement in the SBSC case showed that defendant pled to the entire complaint and admitted that he suffered a strike prior. In addition, defendant's sentence for the charges appeared to be miscalculated. Upon investigating the matter further, Higgins discovered the December 27, 2016, CDCR letter. Both the CDCR and Higgins concluded the court miscalculated defendant's sentence. The court, nevertheless, concluded there was no error and therefore did not amend the abstract of judgment.

Defendant thereafter moved to modify his sentence. The trial court ordered transcripts of the 2006 SBSC hearings but was informed that the transcripts were unavailable or no longer existed. The matter was continued and the court obtained a copy of the transcript of the June 5, 2006, sentencing hearing but was told there was no transcript of the May 12, 2006, plea hearing. After numerous continuances, on July 21, 2017, the trial court heard defendant's motion to modify his sentence. During the hearing, the court and parties concluded defense counsel should proceed with seeking modification of defendant's sentence by filing a writ petition.

D. *Defendant's Petition for Writ of Habeas Corpus*

On January 5, 2018, defendant filed in SBSC a petition for writ of habeas corpus (case No. WHC1800004), alleging sentencing error was committed in SBSC case No. FSB039762. Defendant challenged the trial court's determination that his 2001 juvenile carjacking adjudication qualified as a strike. Defendant alleged the juvenile carjacking

8

adjudication did not qualify as a strike because there was no showing or admission that the carjacking offense was committed with a dangerous or deadly weapon. Defendant also argued his attorney provided IAC by failing to challenge the strike. Defendant requested the trial court to vacate his plea, conviction, and resulting sentence, and release him or, alternatively, conduct an evidentiary hearing on the strike.

Defendant attached to his writ petition a computer printout of the trial court's register of actions; a reporter's transcript of the June 5, 2006, sentencing hearing in the SBSC case; the LAJC petition; the December 27, 2016, CDCR letter notifying the court that defendant's sentence in the SBSC case appeared to be improper; the February 1, 2017, public defender memorandum concluding defendant's sentence was improper because his juvenile carjacking adjudication did not qualify as a strike; and defendant's declaration supporting his writ petition.

Defendant stated in his supporting declaration that, after consulting with his attorney on May 12, 2006, and upon his attorney's advice, he pled guilty in the SBSC case and admitted the juvenile carjacking strike allegation. In discussing the proposed plea bargain, defendant's attorney erroneously advised him that it made no difference that he was a juvenile when he committed the carjacking prior. It still qualified as a strike, and if defendant went to trial, he would be exposed to a maximum sentence of 45 years and four months. For these reasons, defendant accepted the plea deal.

Defendant further stated in his declaration that it was not until recently that he was told his juvenile carjacking strike might be improper. Upon learning this, defendant

9

immediately sought legal assistance. His previous attorney never told him that his juvenile carjacking adjudication did not qualify as a strike unless it was alleged and proven that he was armed with a dangerous or deadly weapon when he committed the carjacking. Around December 27, 2016, defendant received the CDCR letter indicating there were discrepancies in his sentence. Defendant immediately contacted the San Bernardino County Public Defender's Office. Deputy Public Defender Higgins told defendant on February 1, 2017, that his juvenile carjacking adjudication did not qualify as a strike because there had been no allegation or proof that he used a dangerous or deadly weapon during the juvenile carjacking offense.

In April 2018, the SBSC issued an order to show cause (OSC) as to why defendant should not be allowed to withdraw his plea in the SBSC case. The court's order detailing the basis of its OSC states that "[t]he oral pronouncement of judgment is confusing as set forth in the reporter's transcript. The trial court made several mathematical mistakes and misspoke regarding the Los Angeles case number. . . . The abstract is in agreement with the plea as to the total of 24 years eight months, but has other obvious errors that do not conform with the trial court's oral pronouncement and appear in violation of Penal Code section 1170.1, subdivision (a). The abstract makes no mention of [defendant's] Los Angeles case, case [N]o VA076709."

In addition, the court ordered the People to show cause as to why defendant should not be allowed to withdraw his plea in the SBSC case or alternatively be resentenced as if

10

he did not have a strike, on IAC grounds and because defendant did not enter his plea voluntarily and knowingly with the full understanding of its consequences.

E. *The People's Return to Defendant's Writ Petition*

In June 2018, the People filed a return (Return) to the writ petition, asserting that defendant provided an incomplete record, his juvenile carjacking prior qualified as a strike, his IAC objection lacked merit, his guilty plea was knowing and voluntary, and his writ petition was untimely and barred by laches. The People attached to their Return a copy of the probation report dated October 17, 2001, filed in the LAJC juvenile carjacking case.

The People also filed a declaration by defendant's previous attorney, Earl Carter, stating that he did not recall his investigation in the SBSC case or his advisements to defendant regarding defendant's maximum exposure in the case. Carter added that it was his custom and practice to investigate the validity of all allegations, advise his clients of them, and advise his clients regarding their maximum exposure when they were offered a plea bargain. Carter further stated he gave his case files and notes to defendant's current defense attorney.

Also attached to the People's Return were affidavits of unavailability of the reporter's transcript in the juvenile carjacking case, for the LAJC hearing on December 18, 2001; and the reporter's transcripts in the SBSC case, for hearings on January 6, 2006, April 19, 2006, and May 12, 2006.

11

F. *Defendant's Traverse to the People's Return*

In July 2018, defendant filed a traverse to the People's Return, denying that his juvenile carjacking adjudication qualified as a strike, because there was no admission or allegation that he was armed or used a dangerous or deadly weapon during commission of the carjacking. Defendant further objected to the court considering the LAJC probation report because it constituted inadmissible hearsay and was not part of the record of conviction or plea in the juvenile carjacking case. Defendant also argued IAC and that his guilty plea and admissions in the SBSC case were not made knowingly and intelligently.

G. *The Trial Court's Ruling on Defendant's Writ Petition*

After reviewing the writ petition, return, and traverse, the trial court concluded an evidentiary hearing on defendant's writ petition was not required because there were no disputed factual questions as to matters outside the trial court record. On August 31, 2018, the trial court heard oral argument on defendant's writ petition for modification of his sentence. After hearing oral argument, the trial court granted defendant's writ petition and stayed the ruling for one week to allow the People time to decide how they wished to proceed. The following week, on September 5, 2018, the trial court again granted defendant's writ petition and ordered him to be resentenced in the SBSC case based on the terms of his original plea, with the exception that resentencing was not to include sentencing on the juvenile carjacking strike.

The SBSC explained in a detailed written order that defendant's writ petition was granted on the following grounds: (1) defendant's attorney committed IAC by failing to object to the juvenile carjacking strike; (2) *Gallardo*, *supra*, 4 Cal.5th 120, applied retroactively to the instant case; (3) the trial court could not rely on the probation report when determining whether defendant's juvenile carjacking adjudication qualified as a strike; (4) even if the probation report could be considered, it did not provide proof beyond a reasonable doubt that defendant used a weapon when committing the juvenile carjacking offense; and (5) the People's untimeliness/laches argument lacked merit because there was no prejudice caused by defendant's delay in seeking writ relief and the delay was not unreasonable.

H. *Resentencing*

On September 7, 2018, the trial court in the SBSC case resentenced defendant in accordance with its order granting defendant's writ petition. Because the court found that the juvenile carjacking adjudication did not qualify as a strike, defendant's sentence was reduced from 24 years eight months to 16 years eight months. The trial court resentenced defendant to an aggregate term of 11 years in the SBSC case (case No. FSB039762), and five years eight months for the two subordinate cases (LASC case No. VA 076709 and OCSC case No. 03NF1824), upon finding the juvenile carjacking adjudication also did not qualify as a strike in the LASC and OCSC cases. The People timely filed notices of appeal of the trial court order granting defendant's writ petition and resentencing order.

13

On September 21, 2018, the habeas court resentenced defendant and modified the sentence again, adding sentencing on Orange County case no. 03NF1824. The habeas court explained it was modifying the sentence because the CDCR notified the court that it had incorrectly sentenced defendant. After correcting the sentence, the habeas court again imposed an aggregate sentence of 16 years 8 months.

III.

COMPLIANCE WITH HABEAS WRIT PETITION REQUIREMENTS

Defendant requested the trial court to issue a writ of habeas corpus vacating his guilty plea, juvenile carjacking strike, enhancement admissions, and sentence imposed in the SBSC case. The People appeal the trial court's order granting defendant's writ petition request to vacate the carjacking adjudication strike and resentence defendant.

Under our state Constitution, a person improperly deprived of his or her liberty has the right to petition for a writ of habeas corpus. (Cal. Const., art. I, § 11; *People v. Duvall* (1995) 9 Cal.4th 464, 474 (*Duvall*).) A petition for a writ of habeas corpus collaterally challenges a presumptively final criminal judgment. Therefore, the petitioner bears a heavy burden to plead and prove grounds for relief. (*Duvall*, *supra*, at p. 474; *In re Gay* (2020) 8 Cal.5th 1059, 1072.)

One of the common uses of habeas by a criminal defendant is to challenge an unauthorized sentence. (*People v. Allison* (2019) 39 Cal.App.5th 688, 699.) "It is well established that '[a] plea bargain that purports to authorize the court to exercise a power it does not have is unlawful and may not be enforced.' [Citation.] . . . [T]here is no such

14

disagreement about the rule that an unlawful sentence can be corrected *by the trial court at any time.*" (*Id*. at p. 699; see also *In re Spears* (1984) 157 Cal.App.3d 1203, 1210 ["a claim of incompetence of appellate counsel based on failure to raise the issue of insufficiency of the evidence is cognizable in a habeas corpus proceeding."].)

When reviewing such a petition, the trial court "evaluates it by asking whether, assuming the petition's factual allegations are true, the petitioner would be entitled to relief. [Citations.] If no prima facie case for relief is stated, the court will summarily deny the petition." (*Duvall*, *supra*, 9 Cal.4th at pp. 474-475.) If the court finds the factual allegations establish a prima facie case for relief, the court will issue an OSC. (*Id*. at p. 475.) When an OSC issues, it is limited to the claims raised in the writ petition and the factual bases for those claims. Issuance of an OSC indicates the court's preliminary assessment that the petitioner would be entitled to relief if the petitioner's factual allegations are proved. (*Ibid*.)

The custodian of the confined person, the People, shall then file a responsive pleading, called a "return," justifying the confinement. (Pen. Code, § 1480; *Duvall*, *supra*, 9 Cal.4th at p. 475.) The return shall allege facts establishing the legality of the petitioner's custody and respond to the petition allegations that the confinement is unlawful. (*Duvall*, *supra*, at p. 476.) In addition, the return should also "provide such documentary evidence, affidavits, or other materials as will enable the court to determine which issues are truly disputed." (*In re Lewallen* (1979) 23 Cal.3d 274, 278, fn. 2; accord, *Duvall*, *supra*, at p. 476.) In response to the return, the petitioner may file a

15

traverse, which either admits or disputes the return's factual allegations responsive to the petition. (*Duvall*, *supra*, at p. 477.)

In the instant case, the parties and trial court properly followed these procedures.

IV.

THE CARJACKING PRIOR ADJUDICATION

DOES NOT QUALIFY AS A STRIKE

The People contend the trial court erred in granting defendant's writ petition based on the 2001 juvenile carjacking adjudication not qualifying as a strike. The People argue the 2001 probation report, which the People argue is part of the record of conviction, establishes that the carjacking offense qualifies as a strike. We disagree.

A. *Law Applicable to Strikes Based on Juvenile Adjudications*

Under 667(d)(3), "[a] prior juvenile adjudication shall constitute a prior felony conviction for Three Strikes purposes only if the prior offense is listed in Welfare and Institutions Code section 707 [subdivision] (b)" and is classified as a "serious" felony under Penal Code section 1192.7, subdivision (c), or as a "violent" felony under Penal Code section 667.5, subdivision (c). (*People v. Garcia* (1999) 21 Cal.4th 1, 13 (*Garcia*).)

In the instant case, defendant was charged in 2001, as a juvenile, with carjacking (Pen. Code, § 215, subd. (a)) and unlawful driving or taking of a vehicle (Pen. Code, § 10851, subd. (a)). These crimes are not included in the 707(b) list of offenses that qualify as a strike. After the LAJC admitted into evidence the probation report,

16

defendant admitted the charges and the juvenile court sustained the juvenile petition charges.

B. *Defendant's Carjacking Offense Does Not Qualify as a Strike*

The People agree that a section 215(a) carjacking offense, when committed by a juvenile, does not qualify as a strike. However, the People argue defendant's juvenile carjacking adjudication qualifies as a strike under 707(b)(25), because the facts stated in the probation report establish that defendant committed the crime of "Carjacking, as described in [s]ection 215 of the Penal Code, *while armed with a dangerous or deadly weapon*." (Welf. & Inst. Code, § 707, subd. (b)(25), italics added.) Such a crime is included in the list of juvenile crimes qualifying as a strike. (Welf. & Inst. Code, § 707, subd. (b).) The trial court rejected the People's argument, concluding that *Gallardo*, *supra*, 4 Cal.5th 120, applied retroactively, and therefore the trial court could not make the factual weapon-use finding based on the probation report under *Gallardo*.

In *Gallardo*, *supra*, 4 Cal.5th 120, the California Supreme Court partially overruled *People v. McGee* (2006) 38 Cal.4th 682 "insofar as it authorizes trial courts to make findings about the conduct that 'realistically' gave rise to a defendant's prior conviction." (*Gallardo*, *supra*, at p. 128.) The People in *Gallardo* alleged the defendant had a prior felony conviction for assault in violation of former Penal Code section 245, subdivision (a)(1). At the time of the prior conviction, a defendant could violate that statute by either committing an assault with a deadly weapon or by means likely to produce great bodily injury. The former is a serious felony (see § 1192.7, subd. (c)(23) ),

17

but the latter is not: "If defendant committed assault with a deadly weapon, the prior conviction counted as a strike; if she committed assault by any means of force likely to produce great bodily injury, it did not." (*Gallardo*, *supra*, at p. 125.) Based on the transcript of the preliminary hearing in the prior assault case, during which the victim testified the defendant used a knife, the trial court found that the prior conviction was for assault with a deadly weapon. (*Id*. at p. 126.)

The *Gallardo* court held that, because the record of the prior assault conviction did not reveal that the defendant admitted the facts in the victim's testimony as the basis for her guilty plea, the trial court violated the defendant's right to a jury trial. (*Gallardo*, *supra*, 4 Cal.5th at pp. 136-137.) The Supreme Court stated the trial court had gone "'far beyond the recognition of a prior conviction'" and engaged in impermissible judicial factfinding by using the preliminary hearing transcript to determine the nature of the defendant's prior conviction. (*Id*. at p. 134.) Disapproving of *McGee* in part, the Supreme Court in *Gallardo* held that "a court considering whether to impose an increased sentence based on a prior qualifying conviction may not determine the 'nature or basis' of the prior conviction based on its independent conclusions about what facts or conduct 'realistically' supported the conviction." (*Gallardo*, *supra*, at p. 136.)

While this case was pending review in the California Supreme Court, the California Supreme Court in *Milton*, *supra*, 13 Cal.5th at page 898, held that *Gallardo*, *supra*, 4 Cal.5th 120, does not apply retroactively to final judgments, such as in the instant case. As a consequence, the California Supreme Court vacated our opinion in this

18

case and transferred the case back to this court with directions to reconsider the cause in light of *Milton*. Because *Gallardo* does not apply retroactively to this case under *Milton*, this court must reconsider whether, under the law applicable when the defendant admitted the carjacking prior and was sentenced in 2006, defendant's carjacking prior qualified as a strike. We conclude it does not under section 667(d)(3). Even without applying *Gallardo* retroactively, we conclude defendant's 2001 juvenile carjacking adjudication does not qualify as a strike prior because paragraph (D) of section 667(d)(3) has not been met.

In *Garcia*, *supra*, 21 Cal.4th 1, the Supreme Court considered whether a prior juvenile adjudication for a serious felony, which was not a section 707(b) offense, qualified as a strike. The Supreme Court in *Garcia* interpreted the language of section 1170.12, subdivision (b)(3) as providing that an adjudication which is not a 707(b) offense can constitute a strike prior under section 667(d)(3) only if, at the time of the juvenile adjudication, the defendant is also adjudicated a ward for a 707(b) offense. (*Garcia*, *supra*, at p. 6.)

The California Supreme Court in *Garcia* explained that under paragraph (B) of section 667(d)(3), "a prior juvenile adjudication qualifies as a prior felony conviction for Three Strikes purposes only if the prior offense is listed in Welfare and Institutions Code section 707(b) or is classified as 'serious' or 'violent.' *Paragraph (D) does not modify or conflict with paragraph (B), but states a separate, additional requirement*: the prior adjudication qualifies as a prior felony conviction only if the defendant, *in the prior*

19

*juvenile proceeding, was adjudged a ward because of at least one offense listed in section 707(b).*"  (*Garcia*, *supra*, 21 Cal.4th at p. 13, italics added.)

The *Garcia* court therefore held that, "[i]n the proceeding leading to the prior juvenile adjudication alleged and imposed against defendant as a prior felony conviction, the only felony offense for which defendant was adjudged a ward of the juvenile court was burglary of an inhabited dwelling, which is not an offense listed in Welfare and Institutions Code section 707(b).  Although that offense is classified as serious and would, therefore, qualify as a strike under paragraph (B), the separate requirement of paragraph (D), that the juvenile was adjudged a ward of the juvenile court because of a section 707(b) offense, was not satisfied.  The trial court therefore erred in sentencing defendant under section 667, subdivision (e)(1)."  (*Garcia*, *supra*, 21 Cal.4th at p. 15.)

*Garcia* did not address or consider the issue raised here of whether the requirement of paragraph (D) of section 667(d)(3) can be satisfied by the trial court going behind the prior adjudication and determining based on the record of the prior adjudication that the defendant committed an unalleged 707(b) offense.

The court in *In re Jensen* (2001) 92 Cal.App.4th 262, 266 (*Jensen*), however, addressed the issue.  In *Jensen*, the court stated that the trial court can go behind the juvenile adjudication to determine from the entire record whether the adjudication involved the commission of a 707(b) offense, required under paragraph (B) of section 667(d)(3) for a strike finding.  But citing *Garcia*, *supra*, 21 Cal.4th at page 15, the *Jensen* court further concluded that the trial court *cannot* go behind the adjudication to determine

20

whether paragraph (D) of section 667(d)(3), is satisfied. Paragraph (D) requires that the strike prior be based on adjudication of at least one section 707(b) offense. (*Jensen*, *supra*, at p. 267.)

As the court in *Jensen* explained, "In urging the record of the prior adjudication be examined to satisfy paragraph (D) by showing Jensen's conduct constituted a Welfare and Institutions Code section 707(b) offense, the People effectively treat paragraph (D) as though it merely sets forth the offenses that qualify as juvenile strikes, much like paragraph (B). [¶] In doing so, the People lose sight of the salient requirement of paragraph (D)—namely, the adjudication of wardship be based on at least one Welfare and Institutions Code section 707(b) offense. Such treatment also ignores the statutory interpretation adopted by our state's high court, which found paragraph (D) sets forth a necessary and independent requirement for using a prior juvenile adjudication as a strike. (*Garcia*, *supra*, 21 Cal.4th at pp. 6, 12.) As the Supreme Court put it: '[W]e interpret paragraph (B) as setting out the list of prior juvenile offenses that will qualify as strikes and paragraph (D) as requiring, *in addition*, that in the prior juvenile proceeding giving rise to the qualifying adjudication *the juvenile* [*had*] *been adjudged a ward of the court because of a Welfare and Institutions Code section 707(b) offense*, whether or not that offense is the same as the offense currently alleged as a strike.' (*Id*. at p. 6, italics added.) In other words, '[p]aragraph (D), . . . unlike paragraph[] . . . (B), does not set forth a circumstance relating to "the prior offense." Instead, it requires that the juvenile "was adjudged" a ward under Welfare and Institutions Code section 602 because of a Welfare

21

and Institutions Code section 707(b) offense.  (§ 667, subd. (d)(3)(D).)'  (*Id*. at p. 7.)"

(*Jensen*, *supra*, 92 Cal.App.4th at p. 267.)

The *Jensen* court rejected *People v. Fountain* (2000) 82 Cal.App.4th 61 (*Fountain*), to the extent *Fountain* suggested in dicta that a trial court can look to the record behind a juvenile adjudicaton to determine whether the defendant's conduct constituted a 707(b) offense when determining whether the requirement in paragraph (D) has been satisfied.  (*Jensen*, *supra*, 92 Cal.App.4th at pp. 267-268; *People v. Squier* (1993) 15 Cal.App.4th 235, 240.)

The *Jensen* court stated:  "In dicta, the Court of Appeal in *People v. Fountain*, *supra*, 82 Cal.App.4th at page 68, stated a trial court could properly look to the record behind a juvenile adjudication of battery with serious bodily injury (§ 243, subd. (d)) to determine whether the defendant's conduct constituted a Welfare and Institutions Code section 707(b) offense, namely assault by any means likely to produce great bodily injury.[]  [¶]  However, this observation does not help the People here.  As we read *People v. Fountain*, *supra*, 82 Cal.App.4th 61, the purpose of examining the record of the juvenile adjudication was to determine whether the requirement of paragraph (B) was met.  Battery with serious bodily injury is not a strike offense—it is neither a violent felony under section 667.5 nor a serious felony under section 1192.7, and it is not an offense listed in Welfare and Institutions Code section 707(b).  We have no quarrel with the proposition that a trial court can go behind the bare juvenile adjudication to determine whether it is a qualifying offense—that is, whether it meets the requirement of paragraph

22

(B).  (See *People v. Leng* (1999) 71 Cal.App.4th 1, 9.)  *Our position, as outlined above, is that a trial court cannot do so to meet the requirement of paragraph (D).*  To the extent that *People v. Fountain*, *supra*, 82 Cal.App.4th 61, holds otherwise, we decline to follow it." (*Jensen*, *supra*, 92 Cal.App.4th at pp. 267-268; italics added.)

The *Jensen* court therefore held that the defendant's prior juvenile adjudication for voluntary manslaughter did not qualify as a strike under section 667(d)(3), because "[a] necessary condition—that Jensen was adjudged a ward of the juvenile court for an offense listed in Welfare and Institutions Code section 707(b)—was not met.  (§ 667, subd. (d)(3)(D.)"  (*Jensen*, *supra*, 92 Cal.App.4th at p. 268.)

Likewise, here, the necessary condition, paragraph (D) of section 667(d)(3) was not met.  In the prior 2001 juvenile proceeding, defendant was not adjudged a ward based on at least one offense listed in section 707(b).  And as in *Jensen*, the sentencing court in 2006 could not go behind the 2001 record to establish the *separate, additional requirement* in paragraph (D) of section 667(d)(3).

*Fountain* does not provide persuasive authority to the contrary.  In *Fountain*, 82 Cal.App.4th 61, 69, the court held that the defendant's juvenile adjudication for battery with serious bodily injury did not qualify as a strike, where the record was silent as to whether the defendant acted by means of force "likely" to cause great bodily injury.  The *Fountain* court's comment that the sentencing court could look behind the adjudication and look at the defendant's conduct, concerned determining whether the adjudicated offense qualified as a 707(b) offense.  The *Fountain* court did not differentiate between

paragraphs (B) and (D) of section 667(d)(3) when it stated that the court could go behind the record. (*Fountain*, *supra*, at p. 68.)

Furthermore, the *Fountain* court relied on *People v. Reed* (1996) 13 Cal.4th 217 and *People v. Guerrero* (1988) 44 Cal.3d 343, 351, in support of the proposition that the court could look behind the prior adjudication. (*Fountain*, *supra*, 82 Cal.App.4th at p. 68.) *Reed* and *Guerrero* were decided before the California Supreme Court decided *Garcia*, *supra*, 21 Cal.4th 1, which clarified the difference between the strike prior requirements in paragraphs (B) and (D) of 667(d)(3).

Even assuming there was sufficient evidence in the record of the prior adjudication establishing a 707(b)(25) offense (carjacking while armed), the People cannot establish that the offense qualifies as a strike because the People cannot show compliance with the paragraph (D) requirement. Paragraph (D) requires that defendant was adjudged a ward based on an offense listed in section 707(b), which did not occur. (707(b)(25); § 667(d)(3)(D); *Garcia*, *supra*, 21 Cal.4th at p. 13; *Jensen*, *supra*, 92 Cal.App.4th at p. 268.)

## V.

## IAC

The People argue in their appellate supplemental reply brief that, "Now that the Supreme Court has decided the *Gallardo* rule[4] may not be applied retroactively, Brown's only remaining claim is that he was denied the effective assistance of counsel in

---

[4] Omission of the *Gallardo* case cite footnote.

admitting the juvenile strike prior in 2006." The People argue there was no IAC because the 2001 record of adjudication of the carjacking offense supports a finding that defendant committed the alternative crime of carjacking while armed with a dangerous or deadly weapon (707(b)(25)), which qualifies as a strike prior. For the reasons stated in the foregoing section, we disagree that defendant's carjacking offense qualifies as a 707(b) strike, and therefore conclude defendant has met his burden of establishing IAC.

The habeas court granted defendant's writ petition in part based on finding his defense attorney provided deficient representation by not objecting during sentencing to the trial court's finding that defendant's carjacking adjudication qualified as a strike. In order to successfully challenge a guilty conviction on the ground of IAC, a defendant must establish both: "'(1) that counsel's representation fell below an objective standard of reasonableness; *and* (2) that there is a reasonable probability that, but for counsel's unprofessional errors, a determination more favorable to defendant would have resulted. [Citations.] If the defendant makes an insufficient showing on either one of these components, the ineffective assistance claim fails.'" (*People v. Holt* (1997) 15 Cal.4th 619, 703, quoting *People v. Rodrigues* (1994) 8 Cal.4th 1060, 1126; see also *People v. Booth* (2016) 3 Cal.App.5th 1284, 1302.) In reviewing a claim of ineffective assistance of counsel, a court must view the actions of trial counsel with deference and indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. (*Strickland v. Washington* (1984) 466 U.S. 668, 689, *People v. Holt*, *supra*, at p 703.)

The People argue there was no IAC because, under the law at the time of defendant's 2006 sentencing, it would have been futile, based on the facts in the probation report, to object to the trial court treating the juvenile carjacking as a strike. The People assert that the weight of authority, as reflected in *People v. McGee*, *supra*, 38 Cal.4th at pages 697-706, supported allowing the trial court to rely on the probation report to find the juvenile carjacking offense qualified as one of the listed 707(b) strikes. But as discussed above, regardless of whether the record of the carjacking adjudication provided sufficient evidence of the qualifying 707(b) offense of carjacking while armed with a firearm, the offense could not qualify as a strike prior under section 667(d)(3), because there was no compliance with paragraph (D) of section 667(d)(3).

Defense counsel's failure to advise defendant that the section 215(a) carjacking adjudication did not qualify as a strike and counsel's failure during the 2006 sentence hearing to object to the strike was not objectively reasonable. (*People v. Booth*, *supra*, 3 Cal.App.5th at p. 1303.) There is no professionally excusable explanation for defense counsel failing to do so given *Garcia*'s holding, which predates defendant's sentencing, that 667(d)(3)(D) imposes a "separate, additional requirement," which was not met here.

In addition, defendant was prejudiced by his attorney's IAC in that it is probable defendant would not have admitted the strike had counsel advised him it did not qualify as a strike. It is also probable the sentencing court would not have imposed the strike prior had defense counsel objected to it under section 667(d)(3). The record of the 2001 adjudication was insufficient to support imposing a strike prior based on defendant's

26

conduct in 2001, because the People could not comply with paragraph (D) of section 667(d)(3). There is thus a reasonable probability that, but for counsel's unprofessional errors, a determination more favorable to defendant would have resulted. Had defense counsel advised defendant and the court that it did not qualify as a strike prior, defendant likely would not have admitted the strike prior and the sentencing court likely would not have imposed it, because it did not qualify as a strike prior under then-existing law. (See *Garcia*, *supra*, 21 Cal.4th at pp. 6, 12.)

Furthermore, even if there were no IAC, the trial court properly granted defendant's writ petition based on the ground the carjacking adjudication did not qualify as a strike under section 667(d)(3) and therefore was an unauthorized sentence.

VI.

LACHES

The People contend defendant's writ petition was untimely and the delay in bringing it prejudiced the People's ability to challenge the writ petition. The reporters' transcripts of relevant proceedings were no longer available and defendant's attorney could not remember the proceedings.

As explained in *In re Robbins* (1998) 18 Cal.4th 770, 777, "California law also recognizes that in some circumstances there may be matters that undermine the validity of a judgment or the legality of a defendant's confinement or sentence, but which are not apparent from the record on appeal, and that such circumstances may provide a basis for a collateral challenge to the judgment through a writ of habeas corpus." A variety of

procedural rules have been recognized that govern such writ relief, including the requirement that claims raised in a habeas corpus petition must be timely filed. (*In re Robbins*, *supra*, at p. 778.) Unjustified delay in presenting habeas corpus writ petition claims bars consideration of the merits of the petition. (*In re Clark* (1993) 5 Cal.4th 750, 759; *People v. Miller* (1992) 6 Cal.App.4th 873, 881-882.)

In order "to avoid the bar of untimeliness with respect to each claim, the *petitioner* has the burden of establishing (i) absence of substantial delay, (ii) good cause for the delay, or (iii) that the claim falls within an exception to the bar of untimeliness." (*In re Robbins*, *supra*, 18 Cal.4th at p. 780.) An exception to any timeliness bar applies here.

Regardless of any delay, the trial court properly granted defendant's writ petition challenging defendant's 2006 sentence, because the juvenile carjacking adjudication does not qualify as a strike. Writ relief "will always issue to review an invalid sentence, when, without the redetermination of any facts, the judgment may be corrected to accord with the proper determination of the circumstances." (*In re Estrada* (1965) 63 Cal.2d 740, 750.) In the instant case, writ relief has been issued "where the trial court has sentenced a defendant to a term in excess of the maximum provided by law." (*Ibid*.)

It is settled law in California that an unauthorized sentence can be challenged and corrected at any time. (*People v. Scott* (1994) 9 Cal.4th 331, 354; *Montgomery v. Louisiana* (2016) 577 U.S. 190, 213 [defendant permitted to challenge sentence as cruel and unusual punishment 50 years after his arrest]; *People v. Sanchez* (2016) 245 Cal.App.4th 1409, 1417.) Habeas corpus relief is thus proper here where defendant was

sentenced to serve an illegal or unauthorized sentence.  (*In re Harris* (1993) 5 Cal.4th

813, 839.)  Writ relief may be granted when "the sentencing court acted in excess of its

jurisdiction by imposing a sentence on the petitioner that was longer than that permitted

by law."  (*Ibid.*  ["We again invoked this rule in a case in which a habeas corpus

petitioner claimed two enhancement provisions were improperly applied to lengthen his

overall sentence."].)  (*In re Harris* (1989) 49 Cal.3d 131, 134, fn. 2, quoting *In re*

*Huffman* (1986) 42 Cal.3d 552, 555.)

The unauthorized sentence exception to the general rule precluding relief after a

judgment is final, applies here.  Defendant's sentence is unauthorized, either because the

sentencing court in 2006 simply overlooked the fact the carjacking strike was based on a

juvenile adjudication that does not qualify as a strike, or the court erroneously concluded

the prior qualified as a strike based on the probation report.  Either way, defendant's 2001

juvenile carjacking adjudication does not qualify as a strike.  Therefore, the trial court

properly granted defendant's petition for habeas corpus writ relief and vacated

defendant's carjacking strike.

Furthermore, the record shows good cause for defendant delaying filing his writ

petition until January 5, 2018.  Defendant was not told the juvenile carjacking strike was

invalid, and had no way of knowing this until after the CDCR notified the public

defender's office on December 27, 2016, that defendant's sentence appeared to be

improper, and the public defender thereafter reviewed the matter and concluded on

February 1, 2017, that defendant's juvenile carjacking adjudication did not qualify as a

strike. It was not until defendant was advised of this that he had any reason to know the strike was improper and take action to correct it.

On March 23, 2017, defendant requested the SBSC to modify his sentence. When the trial court heard the matter on July 21, 2017, the parties and the court agreed defendant should proceed by filing a writ petition. Four months later, on January 5, 2018, defendant filed his writ petition in the trial court.

Under these circumstances, defendant moved reasonably expeditiously in challenging the juvenile carjacking strike. The record shows that the significant delay in seeking such collateral relief was justified. Although some of the relevant reporter's transcripts were no longer available, this was not due to any fault on defendant's part.

Although the unavailable reporter's transcripts might have been helpful in reviewing defendant's writ petition, the People have not shown any prejudice by their absence. Defendant remains convicted of all of the charged crimes in the SBSC case based on his guilty plea in that case, and it is highly unlikely that any of the missing transcripts and notes would have made any difference in the trial court's ruling on defendant's writ petition. Regardless of whether there is missing evidence that may have supported a finding that defendant was in possession of a firearm when he committed the carjacking offense, the carjacking adjudication could not qualify as a strike under section 667(d)(3)(D).

## VII.

## JURISDICTION OVER LOS ANGELES

## AND ORANGE COUNTY CASES

The People contend the SBSC exceeded its jurisdiction under Penal Code section 1170.1 by vacating the juvenile carjacking strikes in defendant's Los Angeles and Orange County cases (LASC case No. VA076709 and OCSC case No. 03NF1824). We disagree. The SBSC had authority to vacate the juvenile carjacking strike from those cases, as it did in the SBSC case, because, at the time of resentencing in the SBSC case, the court was required to impose a single aggregate sentence on all three cases. In doing so, the SBSC was required to vacate the juvenile carjacking strike in each of the three cases because the juvenile carjacking adjudication did not qualify as a strike.

When the trial court granted habeas writ relief, the SBSC was thereafter required to consider the entire sentencing scheme and reconsider all sentencing choices, as to all pending determinate cases. (*People v. Hill* (1986) 185 Cal.App.3d 831, 834.) This is "because an aggregate prison term is not a series of separate independent terms, but one term made up of interdependent components. The invalidity of one component infects the entire scheme." (*Ibid.*)

"[Penal Code] [s]ection 1170.1 generally governs the calculation and imposition of a determinate sentence when a defendant has been convicted of more than one felony offense." (*People v. Williams* (2004) 34 Cal.4th 397, 402.) Under Penal Code section 1170.1, subdivision (a), "Except as otherwise provided by law, and subject to [Penal

31

Code] [s]ection 654, when any person is convicted of two or more felonies, *whether in the same proceeding or court or in different proceedings or courts, and whether by judgment rendered by the same or by a different court*, and a consecutive term of imprisonment is imposed under [Penal Code] [s]ections 669 and 1170, the aggregate term of imprisonment for all these convictions shall be the sum of the principal term, the subordinate term, and any additional term imposed for applicable enhancements for prior convictions, prior prison terms, and [Penal Code] [s]ection 12022.1." (Italics added.)

California Rules of Court, rule 4.452 further provides: "If a determinate sentence is imposed under [Penal Code] section 1170.1[,] [subdivision] (a) consecutive to one or more determinate sentences *imposed previously in the same court or in other courts*, *the court in the current case must pronounce a single aggregate term*, as defined in [Penal Code] section 1170.1[,] [subdivision] (a), stating the result of combining the previous and current sentences. In those situations: [¶] (1) The sentences on all determinately sentenced counts in all of the cases on which a sentence was or is being imposed must be combined as though they were all counts in the current case." (Italics added.) In doing so, status enhancements, such as the juvenile carjacking strike, can be applied only once when imposing an aggregate sentence. (*People v. Edwards* (2011) 195 Cal.App.4th 1051, 1057, 1060; *People v. Williams*, *supra*, 34 Cal.4th at p. 402.)

In the instant case, after the trial court granted writ relief, the SBSC was required to impose a single aggregate determinate sentence for the SBSC, LASC, and OCSC cases. Because the original sentences in each of those cases included sentencing on the

32

juvenile carjacking strike, which did not qualify as a strike, the SBSC had jurisdiction to vacate the invalid strike in all three cases. Upon properly finding the juvenile carjacking strike did not qualify as a strike in the SBSC case, the trial court properly made the same finding as to the same strike in the other two cases. To do otherwise would have resulted in inconsistent findings and sentencing on the same juvenile carjacking strike, where the record established that the strike was invalid.

We therefore reject the People's contention that SBSC did not have jurisdiction to vacate the juvenile carjacking strike in the LASC and OCSC cases when imposing an aggregate sentence on the three cases.

## VIII.

## DISPOSITION

The writ petition order and judgment are affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

CODRINGTON
J.

I concur:

MILLER
Acting P. J.

[*In re Brandon Brown on Habeas Corpus*, E071401]

MENETREZ, J., Dissenting.

I agree that the use of the carjacking strike to enhance the sentence imposed in respondent Brandon Craig Brown's case in San Bernardino County Superior Court in 2006 was unauthorized under *People v. Garcia* (1999) 21 Cal.4th 1 and *In re Jensen* (2001) 92 Cal.App.4th 262. I respectfully dissent, however, because the superior court exceeded its authority at resentencing.

First, the court resentenced Brown not only in his San Bernardino County case but also in his Los Angeles County case and in his Orange County case, dismissing his carjacking strike in each instance. The court had no authority to do that. Brown's habeas petition expressly sought resentencing only in his San Bernardino County case, and it listed only his San Bernardino County case number. The prayer for relief mentioned only his San Bernardino County case. (See *People v. Green* (1980) 27 Cal.3d 1, 43, fn. 28 ["It is settled that in a habeas corpus proceeding 'the court considers only those grounds of illegality alleged in the petition for issuance of the writ' [citation], or in any supplemental petition filed with permission of the court"], overruled on another ground recognized in *People v. Martinez* (1999) 20 Cal.4th 225, 241.) The district attorneys in Los Angeles County and Orange County have never had notice and an opportunity to be heard on any resentencing in their cases, and the judges in Los Angeles County and Orange County likewise have not had an opportunity to revisit their sentencing choices.

Second, Brown's San Bernardino County case was resolved by plea bargain. It appears that his Los Angeles County case was resolved by plea bargain as well, because

1

he pled no contest to two counts of robbery while three other robbery counts and a burglary count were dismissed. (On the present record it is unclear whether Brown's Orange County case was resolved by plea bargain; he was charged with two counts of robbery, pled guilty to both, and received concurrent sentences.) Under *People v. Stamps* (2020) 9 Cal.5th 685, if a court is considering modifying a sentence to which the parties agreed in a plea bargain, then the district attorney ordinarily must be given the opportunity to withdraw from the agreement, and the superior court likewise must have an opportunity to withdraw its approval of the plea bargain. (*Id.* at pp. 707-709.)

For both of the foregoing reasons, the superior court exceeded its authority when it resentenced Brown. We should therefore vacate the sentence and remand for further proceedings. Accordingly, I respectfully dissent.


                                                         MENETREZ

                                                                     J.